ELITHA J. RITCHEY, Respondent, v. HOME IN-
    SURANCE COMPANY, a Corporation, and
    PETER WAHL; HOME INSURANCE COM-
    PANY, .Appellant.

St. Louis Court of Appeals, February 3, 1903.

1. Pleading: ANSWER: PRACTICE, TRIAL. An answer is defective,
and condemned by the appellate court which after admitting the
execution of a policy of insurance sued on, sets forth at length
affirmative defense relied on to defeat the action, concludes with the
language, "further answering defendant denies each and every allega-
tion, matter, fact and thing in the petition alleged not herein ex-
pressly admitted, and having fully answered, asks to go hence with
his costs."

2. ———: ———: MOTION TO STRIKE OUT PART OF ANSWER:
PRACTICE, TRIAL. Where a motion to strike out a portion of
defendant's answer is substantial, and defendant refuses to plead
further, the proper course for plaintiff to pursue is to file the proper
pleading to the affirmative defenses contained in defendant's answer,
join issue thereon and let the cause proceed to trial on its merits.

Appeal from Clark Circuit Court.—*Hon. Edwin R.*
    *McKee,* Judge.

REVERSED AND REMANDED.

STATEMENT.

This is an action brought upon a policy of insur-
ance, and in which on motion of defendant insurance
company, a portion of plaintiff's petition was stricken
out, leaving remaining as plaintiff's declaration of her
right of action the following:

"Plaintiff for cause of action states that defendant,
Home Insurance Company, was, on the 27th day of De-
cember, 1901, and for a long time prior thereto, and ever
since has been, and now is a corporation duly organized,

created and existing under and by virtue of the laws of the State of New York; and as such corporation was on said 27th day of December, 1901, and ever since has been engaged in conducting a general fire insurance business in the State of Missouri, in accordance with the terms and provisions of the general fire insurance laws of the State of Missouri.

"Plaintiff further says that said defendant Home Insurance Company by its contract and policy of insurance No. D. H. 148, dated on the 27th day of December, 1901, duly signed by its president and secretary and countersigned by J. A. Whiteside, its local agent, at its Kahoka, Missouri, agency, and delivered to plaintiff, in consideration of a cash premium of twenty dollars, paid by plaintiff to defendant Home Insurance Company, did contract, promise and agree with plaintiff, to insure plaintiff against all loss or damage by fire, to the amount of two thousand dollars on the following described property then owned by plaintiff, to-wit:

"$300. On the two-story frame building with shingled roof and its additions adjoining and communicating, occupied as a dwelling house, including foundations, gas and water pipes and connection, gas fixtures and electrical equipments, plumbing work, stationary heating apparatus, door and window screens, storm doors and windows and all other permanent fixtures belonging thereto, and contained therein.

"$100. On the shingle roof-frame building and its additions, including foundations, occupied as a private barn.

"$1,500. On the shingle roof frame building, and its additions, including foundations, occupied as a private barn.

"$50. On grain in barns above described.

"$50. On hay in barns above described.

"Plaintiff further says, that in said policy of insurance all of the buildings and property aforesaid were

erroneously described as being situate on 17-acre lot in sections 18 and 19, township 65, range 7, in Clark county, Missouri, adjoining the city of Kahoka, when in truth and in fact said 17-acre lot mentioned and described in said policy of insurance as adjoining said city of Kahoka was then and now is partly within the corporate limits of said city of Kahoka, and the buildings insured under and by said policy of insurance were situate upon that part of said 17-acre lot which lies within the corporate limits of said city of Kahoka, except the shingled roof frame building and its additions, including foundation, occupied as a private barn, and insured under and by said policy of insurance for the sum of fifteen hundred dollars, which is situate partly within the corporate limits of said city of Kahoka on the aforesaid 17-acre lot.

"Plaintiff further says, that at the time of the issuance and delivery of said policy of insurance to said plaintiff, it was intended by defendant Home Insurance Company to insure, and by the plaintiff to have insured the buildings and property situate on 17-acre lot in sections 18 and 19, township 65, range 7, in Clark county, Missouri, in and adjoining said city of Kahoka, and plaintiff avers the fact to be that at the time of the issuance and delivery of the aforesaid policy of insurance defendant Home Insurance Company knew that said 17-acre lot was partly situate within the corporate limits of said city of Kahoka, and that the building and property thereon were situate upon that part of said 17-acre lot, which lies within the corporate limits of said city of Kahoka, except the shingled roof frame building and its additions, including foundation, occupied as a private barn and insured under and by said policy of insurance for the sum of fifteen hundred dollars, which is partly situated within the corporate limits of said city of Kahoka, on the aforesaid 17-acre lot.

"Plaintiff further says, that it was provided in said policy of insurance by indorsement made thereon in writing, that in the event of a loss occurring thereunder, such loss should be payable to Peter Wahl, mortgagee, as his interest therein might appear, that at the time of the issuance and delivery of said policy of insurance to plaintiff it was believed by plaintiff and so represented to defendant Home Insurance Company by plaintiff that said Peter Wahl had an interest in the aforesaid property as mortgagee, but plaintiff says that she was mistaken in her belief concerning the interest of said Peter Wahl in the aforesaid property, and avers the fact to be, that at the time of the issuance and delivery of the aforesaid policy of insurance to plaintiff, and at all times thereafter, said Peter Wahl had no interest in the aforesaid property or said policy of insurance as mortgagee or otherwise.

"Plaintiff further says, that on the 4th day of January, 1902, defendant Home Insurance Company, by its instrument of writing attached to said policy of insurance and made a part thereof, consented that barn number two therein insured for fifteen hundred dollars might be occupied by a careful tenant.

"Plaintiff states that said policy of insurance was issued for a term of one year, commencing at noon on the 27th day of December, 1901, and terminating at noon on the 27th day of December, 1902, which said policy of insurance is herewith filed, and made a part of this petition and marked Exhibit 'A.'

"Plaintiff further states, that at the time of the issuance and delivery of the aforesaid policy of insurance, and at all times thereafter to the time of the fire hereinafter mentioned, she was the owner in fee of all the property mentioned and described in said policy of insurance and insured therein.

"Plaintiff states, that at about the hour of one o'clock, a. m., on the 22d day of January, 1902, during the life of said policy of insurance, and while the same

was in full force and effect, the shingled roof, frame building and its additions, including foundations, occupied as a private barn and insured in said policy of insurance for and in the sum of fifteen hundred dollars, and then and there owned by plaintiff, were wholly, totally and entirely destroyed by fire, then and thereby causing a loss and damage to plaintiff in the sum of fifteen hundred dollars.

"Plaintiff further states, that by the terms and provisions of said policy of insurance defendant Home Insurance Company did promise, contract and agree with plaintiff to make good and pay her all such loss or damage to the property therein insured as should happen thereto by fire, during the life of said policy of insurance.

"Plaintiff states that she has duly kept and performed all of the conditions required to be kept and performed by her, by the terms and provisions of said policy of insurance, and faithfully fulfilled all of the requirements thereof; that immediately after the loss by fire, as aforesaid, she caused notice thereof to be given to defendant Home Insurance Company and requested of said defendant Home Insurance Company such blank forms of statement and proofs of loss as defendant Home Insurance Company might desire to have filled out by plaintiff concerning the aforesaid loss by fire; that defendant Home Insurance Company disregarded and ignored her said request and failed and refused to furnish plaintiff with blank forms and statements and proofs of loss so requested by her of defendant Home Insurance Company.

"Plaintiff further states, that on the 14th day of February, 1902, defendant Home Insurance Company notified plaintiff in writing that it, the said Home Insurance Company, denied any and all liability under said policy of insurance, and refused to pay plaintiff and still refuses to pay plaintiff the amount of her claim under said policy of insurance on account of her afore-

said loss by fire; that by reason of the premises plaintiff says she is damaged in the sum of fifteen hundred dollars.

"Plaintiff further states, that Peter Wahl is made a party defendant herein, in order that his interest, if any, in the property insured under said policy of insurance, and his interest, if any, in said policy of insurance, may be determined and adjudged in this suit.

"Wherefore, plaintiff prays judgment against defendant Home Insurance Company for the amount of her claim and damages under said policy of insurance, to-wit, the sum of fifteen hundred dollars," etc.

After defendant's motion to strike out part of plaintiff's petition was sustained by the court, by leave the answer of the defendant Home Insurance Company, as follows, was filed:

"Defendant for answer to plaintiff's petition, admits that it made the policy of insurance sued upon.

"Further answering defendant alleges that it is provided in said policy among other things as follows:

"If the interest of the assured be or become other than the entire, unconditional and sole ownership of the property and if the buildings insured be on ground not owned by the assured in fee simple, then in all such cases, this policy shall be void unless otherwise provided by agreement indorsed hereon.

"Defendant alleges that at the time said policy was issued and at the time of the fire the interest of the assured was other than entire, unconditional and sole ownership of the property, and the said building insured stood on ground not owned by the assured in fee simple without provision by agreement indorsed on said policy, by reason whereof defendant says plaintiff is not entitled to recover.

"Further answering defendant alleges that at the time said policy was applied for the said assured falsely stated and represented, that said building was worth largely more than $1,500, and that it was the intention

of the assured to make material repairs to said build-
ing, so that the same would be placed in good condition.
That at the time said policy was applied for and issued
defendant was not familiar with the value or condition
of said building, which fact plaintiff well knew. That
insured for the purpose of cheating and defrauding de-
fendant falsely represented that said building was of
the value of $1,500, and falsely represented and stated
that it was the intention of insured to make material
repairs to said building. That defendant in issuing
said policy relied upon said representations; that the
same were material. That said representations were
false and untrue in this; that said building was not
worth $1,500, but did not exceed in value the sum of $400.
That it was not the intention of plaintiff to make re-
pairs on said building, and put the same in good con-
dition, and plaintiff did not, after said policy was issued
at any time make repairs thereon. By reason whereof
defendant says plaintiff is not entitled to recover.

"Further answering defendant alleges that said
building was insured as a private barn and was to be
occupied by careful tenant; that after said policy was is-
sued and without the knowledge of defendant, said
building or a portion thereof was used as a creamery,
whereby the risk of loss by fire was greatly increased,
of which fact plaintiff had knowledge so that defendant
says plaintiff is not entitled to recover.

"Further answering defendant alleges that at the
time said policy was issued, and at the time of the fire
aforesaid, said property described in said policy was
incumbered by a deed of trust to secure the sum of
$6,672. Which said deed of trust was in full force and
not satisfied at the time of the fire aforesaid, that when
the policy was issued, and ever afterwards previous to
the fire, the plaintiff concealed from defendant the fact
that said incumbrance existed upon said property. That
said fact so concealed was a material fact with reference
to said risk. That if defendant had known of the ex-

istence of said deed of trust it would not have issued said policy. By reason whereof defendant says plaintiff is not entitled to recover.

"Further answering defendant alleges that it now here offers to refund to plaintiff and tenders into court for plaintiff the premium paid on said policy, to-wit: The sum of $20 and asks on account of the fraud and misrepresentations of plaintiff hereinbefore stated that said policy be cancelled and for naught held.

"Further answering defendant denies each and every allegation, matter, fact and thing in the petition alleged, not herein expressly admitted, and having fully answered asks to go hence with its costs."

Plaintiff then filed the motion following:

"Now comes the plaintiff herein and moves the court to require defendant Home Insurance Company to make its answer herein more definite and certain, by stating what allegations of the petition are admitted, and what allegations are denied."

Defendant Peter Wahl appeared and answered, claiming an interest in the property insured, as mortgagee but asserted no claim to the proceeds of the policy sued upon, and denied generally all other allegations of the petition.

Plaintiff's motion was sustained by the court, and the defendant insurance company elected to stand upon its answer, refused to plead further, and after evidence offered by plaintiff had been heard, the court rendered judgment for plaintiff in accordance with the prayer of her petition.

*Fyke Bros., Snyder & Richardson* for appellant.

(1) The court erred in rendering judgment against defendant as for want of an answer, upon sustaining plaintiff's motion to make the answer more definite and certain. That motion only applied to the last claim of the answer, the general denial. The

affirmative defenses set up in the answer were not affected by the motion. Such defenses could only be met by a reply, and the issues when thus raised should have been tried; but the court upon sustaining plaintiff's motion wholly disregarded the affirmative defenses set up in the answer. (2) "If any one count of a petition or any separate defense set up in an answer is adjudged insufficient, such ruling does not affect the counts of the petition or the other separate defenses; and if the counts or defenses remaining constitute a cause of action or a defense as the case may be, there are issues pending before the court which must be tried." Mumford v. Keet, 55 S. W. 271.

*W. T. Rutherford* for respondent.

(1) The only error assigned by appellant is the action of the court in sustaining plaintiff's motion requiring defendant Home Insurance Company to make its answer to plaintiff's petition more definite and certain by stating what allegations of the petition were admitted and what allegations were denied. (2) Plaintiff contends that the court did not commit error in sustaining plaintiff's motion requiring defendant Home Insurance Company to reform its answer, and further contends that the motion to make definite and certain, went to the whole and entire answer, including the affirmative defenses therein set up. (3) Section 604, Revised Statutes 1899, provides that: "The answer of the defendant shall contain: First, a general or specific denial of each material allegation of the petition controverted by the defendant, or any knowledge or information thereof sufficient to form a belief; second, a statement of any new matter constituting a defense or counterclaim, in ordinary and concise language, without repetition." (4) In support of the action of the court in sustaining the motion complained of and assigned as

error by appellant, the respondent cites the following authority, to-wit, Long v. Long, 79 Mo. 649.

REYBURN, J.—The form of answer permitted under the code is set forth in section 604 of the Revised Statutes, which provides what the answer may contain in the following language:

"The answer of the defendant shall contain: First, a general or specific denial of each material allegation of the petition controverted by the defendant, or any knowledge or information thereof sufficient to form a belief; second, a statement of any new matter constituting a defense or counterclaim in ordinary and concise language without repetition."

Section 607 provides that where the answer contains new matter, the plaintiff shall reply to such new matter, denying generally or specifically the allegations controverted by him, or any knowledge or information thereof sufficient to form a belief, and may allege in ordinary and concise language, without repetition, any new matter not inconsistent with the petition, constituting a defense to the new matter.

Section 609 provides that the reply shall be governed by the rules prescribed in relation to answers.

Under the foregoing sections, it will be observed that a pleading, either answer or reply, may contain a general or specific denial, that is, such pleading may traverse the allegations of the opposite pleading in whole or in part, but a fair and just construction of these sections requires that the pleader should make it clearly appear, what portions of the pleading to which answer or reply is made is intended to be controverted and put in issue, and such has been the construction placed upon the sections above quoted providing for the form of the answer or reply. The pleading filed by defendant in this case admits the execution of the policy sued on, and sets forth at length affirmative defenses relied on to defeat the action, concluding with the language, "fur-

ther answering defendant denies each and every allega-
tion, matter, fact and thing in the petition alleged not
herein expressly admitted, and having fully answered,
asks to go hence with its costs.'' The exact language
adopted in the concluding paragraph of this answer,
or language similar in substance, whether contained in
an answer or reply, has been continuously condemned
as defective and frequently stamped with disapproval
by the appellate courts of this State.

In Snyder v. Free, 114 Mo. 360, the answer con-
sisted of a general denial of every allegation of the
petition, ''except that which may be hereinafter ex-
pressly admitted.'' And in commenting upon such
mode of denial, Judge SHERWOOD, says:

''The central idea of code pleading is that an an-
swer should not be evasive, but should meet the allega-
tions of the petition fairly and squarely, thus presenting
sharply-defined issues for the triers of the facts to pass
upon. R. S. 1889, sec. 2049. On a former occasion
this court denounced the method here employed as a
'vicious method of pleading,' and this was an apt char-
acterization of such a faulty way of pleading. It was
never the design of the code that a party plaintiff should
have to carefully sift each denial of the answer and to
carefully compare it with each paragraph of the petition
in order to see what is admitted and what is denied.
Such denials may be general or they may be special, but
in either event the issue must be sharply defined, and
not left to surmise or conjecture.''

In Long v. Long, 79 Mo. 644, the reply was in the
words: ''Now comes plaintiff, and for reply says he
denies each and every allegation in said answer not
herein admitted, or otherwise pleaded to.'' In comment-
ing on this form, Commissioner PHILLIPS says:

''1. The reply in this case is bad pleading and
ought to be discouraged. The reply to new matter in
the answer is similar to the answer to the petition, and
it may contain a general or special denial. Vansant,

Plead., 408, declares that the 'code allows the defendant to elect whether he will answer by a general or special denial, and having elected he is bound by it. He can not answer in both ways.' Dennison v. Dennison, 9 How. Pr. 247, is cited in support. We are not prepared to say that both modes of pleading may not be employed in the answer or replication. But we do not hesitate to hold that when both are employed the denials ought to be so framed as to leave no doubt in the mind of the court and the adverse party as to what is denied and what is admitted. This course not only sharpens the issues, but it aids in the preparation of evidence and lessens expenses in bringing witnesses to meet matters not designed to be controverted at the trial. This reply says: 'Plaintiff denies each and every allegation not herein admitted or otherwise pleaded to.' Then what is admitted or otherwise pleaded to? To determine this the opposing counsel and the court must go through the pleading analytically, step by step, to discover what perchance may be admitted or denied."

In Walker v. Insurance Co., 62 Mo. App. 209, the replication was a denial "of each and every allegation therein contained, except as hereinafter admitted." The motion of defendant to require the plaintiff to make his reply definite and certain by stating what allegations of the answer were admitted and what denied, was overruled by the trial court, which the appellate court pronounces error, stating that the trial court should have sustained the motion so as to have compelled the plaintiff to make certain what he denied and what he admitted.

In like manner the form of general denial limited to "each and every material allegation" has been held an improper traverse as not being in conformity to the statute, or clearly showing what allegations are meant to be put in issue. Edmonson v. Phillips, 73 Mo. 57; Fry v. Railroad Co., 73 Mo. 123; Collins' Admr. v. Trotter, 81 Mo. 275.

Section 621 of the code, which provides as follows: "When a petition, answer or reply shall be adjudged insufficient in whole or in part upon demurrer, or the whole or some part thereof stricken out on motion, the party may file a further like pleading within such time as the court shall direct; and in default thereof the court shall proceed with the cause in the same manner as if no such original pleading had been filed," was construed in the case of Munford v. Keet, 154 Mo. 36, certified from this court. The answer therein was attacked by a motion to strike out a part of the defenses sought to be interposed, which was sustained, but leaving unchallenged a good defense to plaintiff's cause of action, even after the court had stricken out the part embraced in the motion. The trial court therein after ruling upon the motion, asked defendant's attorneys whether they desired to file an amended answer, or stand upon the answer so filed, and in reply these attorneys informed the court that they desired to proceed to trial on the part of the answer not so stricken out (saving exceptions to the action of the court in striking out part of the answer) which the court refused to permit, and held that the defendant must file a new answer, omitting the matter stricken out of the answer, or on failure so to do a default would be entered against him. Defendant refused to file a new answer, and the court entered an interlocutory judgment of default against him, and afterwards tried the case ex parte, refusing to allow defendant to participate in any way in the trial. The Supreme Court, reviewing this action of the lower court, held that the trial court erred in entering judgment by default against the defendant and in refusing to allow him to participate in the trial. In the case under consideration the motion of plaintiff did not attack the whole answer of defendant, but was restricted to that portion of its answer which presented the obscure and defective denial of plaintiff's cause of action, and the ruling of the court in sustaining such motion affected

only the same paragraph of the answer and adjudged only that part insufficient, and after the court had passed upon the motion, defendant's answer remained in the same condition as if no attempted denial had originally been contained therein, but only affirmative defenses had been pleaded, and the cause should have proceeded in the same manner as if that portion thrown out by the ruling of the court had never been incorporated in the answer of defendant. The proper course of plaintiff after defendant insurance company had refused to plead further, was to file the proper pleading to the affirmative defenses contained in defendant's answer, join issue thereon, and let the case proceed to hearing on the merits. This course was not attempted, and the cause not being ripe for trial, the issues not having been framed, without adjudging the defendant in default the court proceeded ex parte to hear evidence on plaintiff's petition and rendered final judgment against defendant insurance company. Under the authority of Munford v. Keet, supra, this constituted error, for which the case is reversed and remanded, to be proceeded with in accordance herewith, and it is so ordered. *Bland, P. J.,* and *Goode, J.,* concur.