Gladys E. DOWDY, Plaintiff-Appellant,

v.

The LINCOLN NATIONAL LIFE INSUR-
ANCE COMPANY, a Corporation, and Lar-
ry Connors, Reverend Carl Poelker, Clar-
ence Miller, Trustees of District No. 9 I. A.
of M. Welfare Association, Defendants-Re-
spondents.

No. 31696.

St. Louis Court of Appeals.

Missouri.

Nov. 17, 1964.

Wyne & Delworth, Edward J. Delworth, Clayton, for plaintiff-appellant.

Green, Hennings, Henry, Evans & Arnold, John Fox Arnold, St. Louis, for The Lincoln Nat. Life Ins. Co.

Bartley, Siegel & Bartley, Donald S. Siegel, Malcolm L. Bartley, Clayton, for Larry Connors and others.

BRADY, Commissioner.

The appellant, hereinafter referred to as the plaintiff, brought an action against the respondent life insurance company, hereinafter referred to as the company, and the individual respondents, hereinafter referred to as the trustees, to recover on an insurance policy in the sum of $2,000.00. The policy allegedly insured the life of the plaintiff's deceased husband. The trial court sustained the company's motion to dismiss plaintiff's petition for failure to state a cause of action against it and also sustained the motion for summary judgment filed by the individual trustees on the ground that the pleading showed no genuine issue as to any material fact. The plaintiff has appealed.

The petition was in three counts. In the first count the plaintiff alleged that the company had authorized the trust known as "District No. 9 I.A. of M. Welfare Asso-ciation" to act as agent for it in issuing certain certificates of insurance under certain group policies which were enumerated; that pursuant to that authority the trust issued a certificate to the plaintiff's deceased husband insuring his life in the sum of $2,000.00 and naming the plaintiff as beneficiary; that the certificate of insurance " * * * was in good standing and in full force and effect on September 25, 1962" which was the date on which her husband's death was alleged to have occurred. It was also alleged "[t]hat plaintiff has performed all conditions of said certificate of insurance on her part to be performed, generally, and also with regard to notification to defendant * * * insurance company * * *." The plaintiff prayed for judgment against the company in the amount of the policy, interest, ten per cent for vexatious refusal to pay, attorneys' fees and costs. The second count of the petition alleged that the trust was " * * * carrying on an insurance business in the State of Missouri and issuing policies of insurance on policy forms of the defendant * * *" company; that the certificate of insurance issued to plaintiff's husband was in good standing and in full force and effect on September 25, 1962, the date of the insured's death; and that the trust " * * * has refused to make any payment according to said certificate of insurance and has wilfully and vexatiously, and without justification, refused to pay the same." In this count the plaintiff prayed for judgment against the trustees for the same sums and based upon the same sources as in Count I. The theory under which Count III of the petition was filed was that under the terms of the policy the trustees had an option to consider the policy still in force during a period of temporary layoff from work; that on July 9, 1962 the insured was temporarily laid off from work; "[t]hat premiums on said policy were paid through July, 1962"; that the trust did not elect to consider Dowdy's policy in force and did not inform him of their decision not to so elect; and "[t]hat by

such failure to so elect and failure to inform said insured, he was deprived of his right to convert said insurance and thereby maintain it in force, and the trust thereby failed in its duties to said insured as Trustee and to plaintiff as beneficiary of said policy to her damage in the sum of Two Thousand Dollars ($2,000.00) under said policy." Under this count the plaintiff prayed for judgment against the trustees for the sum of $2,000.00 with interest and costs.

The policy was attached to the petition and in those parts pertinent to our inquiry states that "The Lincoln National Life Insurance Company (Hereinafter called the Company) Agrees to Pay * * *." Other pertinent provisions are that the insurance of an employee automatically terminates upon "termination of employment" which is stated to have deemed to have occurred " * * * if an employee is pensioned or retired or upon cessation of active full-time work for any other reason * * *." It is further provided that if the trust continues to pay the premiums for an employee's insurance as called for under the policy, the trust then has an option to consider an employee on temporary layoff as being still employed. There is a conversion privilege in the policy which in its application to this case provides that any employee upon written application to the company made within thirty-one days after the end of the policy month in which termination of his employment occurs " * * * shall be entitled to have issued to him by the Company, without evidence of insurability, an individual policy of life insurance * * *" provided that the first premium payment on such individual policy issued under such a provision " * * * shall be made to the Company within the thirty-one day period during which application for such individual policy may be made." The policy provides for a grace period of one month or not less than thirty days for the payment of every premium after the first payment but also provides: " * * * If any premium be not paid before the end of the

grace period, this Policy shall thereupon terminate * * *."

We will first rule upon the plaintiff's contention the trial court prejudicially erred by sustaining the separate motion for summary judgment filed by the trustees. Rule 74.04(c), V.A.M.R., provides for summary judgment " * * * if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law. * * *" The purpose of this rule has been set forth by this court in Brown v. Prudential Ins. Co. of America, Mo.App., 375 S.W.2d 623, 1. c. 629. In that case this court also held that the burden to show there is no genuine issue as to any material fact rests upon the party seeking to take advantage of the summary judgment procedure. Our duty upon review of such cases is to resolve the question of the sufficiency of the proof to support the summary judgment if granted by the trial court and, if necessary, to enter such judgment as the trial court ought to have given. Brown v. Prudential Ins. Co. of America, supra.

The plaintiff first contends the trial court prejudicially erred in sustaining the separate motion for summary judgment filed by the trustees. In support of this assignment of error the plaintiff contends the trial court cannot rule upon the motion for summary judgment and base its ruling upon the pleadings alone. To so interpret Rule 74.04(c), supra, would require us to ignore the plain language in which it is phrased. That language does not require that the pleadings *and* the depositions and admissions *and* the affidavits, if any, must be consulted in order to support a ruling upon a motion for summary judgment. As is stated in Federal Practice and Procedure, Barron and Holtzoff, Section 1231, page 96, the plain meaning of that section is that a motion for summary judgment may be based on the pleadings *or* on the record *or* upon affidavits, if any, filed in

support thereof. Rule 56 of the Federal Rules is the same as our Rule 74.04(c), supra, in the language with which we are here concerned.

Neither is there any provision in Rule 74.04(e), V.A.M.R., which supports plaintiff's contention. That rule does provide that when a motion for summary judgment is made " * * * and supported as provided in this Rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this Rule, must set forth specific facts showing that there is a genuine issue for trial. * * * " However, by express terms this rule applies to the party adverse to the movant and is only applicable where the motion is supported by affidavits. Rule 74.04(b), V.A.M.R., provides that a party against whom a claim is asserted may move for summary judgment with or without supporting affidavits. In this case the trustees chose not to support its motion with affidavits. Accordingly, Rule 74.04(e), supra, lends no support to plaintiff's contention the trial court could not base its ruling upon the motions for summary judgment solely upon the pleadings.

The plaintiff has failed to brief any contention the trustees were not entitled to a summary judgment as to Count II of the petition. Doubtless this is because the specific provisions of the policy clearly refute any such contention. The policy clearly and unequivocally states that "The Lincoln National Life Insurance Company (Hereinafter called the Company) Agrees to Pay * * *." It should be stated that there is no provision in the policy that would place any express or implied duty upon the trustees to pay the amount of the policy upon proof of the insured's death. Failure to raise any point with regard to the trial court's action sustaining the trustees' motion for summary judgment as to Count II of the petition renders unnecessary any specific ruling on the matter by this court.

Reference to the policy also illustrates that the trustees are entitled to judgment as a matter of law as to Count III. In that count the plaintiff has alleged that the trustees' failure to elect to continue the policy in force and their failure to inform her husband of that decision deprived him of his right to convert the insurance and to maintain it in force. The policy provides that the insurance of an employee automatically terminates on "termination of employment." As stated earlier herein that condition is deemed to have occurred upon cessation of active full-time work for any reason except being pensioned or retired, unless the trust elects to continue to pay the premiums for the employee's insurance. In that event the trust then has an option to consider an employee on temporary layoff as being still employed. In this same count of the petition the plaintiff herself alleged the existence of such an option. Certainly, its existence illustrates there could be no merit to plaintiff's contention the trustees were under a duty to elect to continue her husband's coverage.

The plaintiff also contends that the trustees breached their trust because they failed to inform the deceased of their failure to exercise their option. The plaintiff does not point to any provision of the policy that places such an obligation on the trustees and on careful search of the policy we cannot discover any express or implied provision placing such a duty upon them. In addition, it should be noted that it was not the failure of any alleged duty on the part of the trustees that caused the deceased to be deprived of his right to convert his insurance. The policy provides that the deceased could apply at any time within thirty-one days after the termination of his employment to convert his policy and upon such application he would have been entitled to receive, without evidence of insurability, an individual policy of life insurance in the same amount and for the same premium. The existence of this privilege was in no way dependent upon the trustees' decision not to exercise their op-

tion nor upon any alleged duty to notify the deceased of that decision. The conversion privilege existed independently of these factors and its loss resulted solely from the failure of the plaintiff's husband to avail himself of it. We find no error in the trial court's action in sustaining the motion for summary judgment filed by the trustees.

■■ We pass now to the plaintiff's allegation of prejudicial error with reference to the trial court's action in sustaining the company's motion to dismiss. That motion went to the plaintiff's cause of action against the company as stated in Count I of the petition. It will be recalled the company was not named as a defendant in Counts II and III. On a motion to dismiss we are to construe the petition liberally and favorably to the plaintiff giving her the benefit of all inferences fairly deducible from the fact stated. Hall v. Smith, Mo., 355 S.W.2d 52 [1–5]. The motion to dismiss admits the truth of all facts well pleaded in the petition, Jacobs v. Jacobs, Mo., 272 S.W.2d 185, and is in effect a concession that even if these facts are true, the petition does not state a claim upon which relief can be granted. Ezell v. Ezell, Mo. App., 348 S.W.2d 592.

■ In Count I of her petition the plaintiff alleges the existence of the policy, that she is the beneficiary thereof thus showing the right or interest which entitled her to bring suit on the policy, the performance or waiver of conditions precedent on her part, the death of the insured, the amount of the insurance, and the fact that this amount is due and payable and has not been paid. These are sufficient allegations to support an action upon a life insurance policy. McDonnell v. Hawkeye Life Ins. Co. of Des Moines, Iowa, Mo.App., 64 S.W.2d 748. The company supports the trial court's action sustaining its motion to dismiss on the grounds that the effect of the allegations in Count III when combined with the allegations in Count I are that the coverage

had lapsed as to the plaintiff's husband due to nonpayment of premiums.

The plaintiff did not include in Count I any allegation as to the payment of premiums on the policy. In Count III of the petition the plaintiff alleged "[t]hat premiums on said policy were paid through July, 1962." The company contends the trial court could properly use this allegation and combine it with the allegations in Count I so as to form a basis for sustaining the company's motion to dismiss. The company's argument proceeds first on the basis that the policy attached to the petition shows the grace period for payment of premiums to be thirty days. Next, it is urged that reference be made to the allegation in Count I as to the date of insured's death as being September 25, 1962. Then the company's argument incorporates the allegation in Count III that the premiums on the policy were paid "through July, 1962." The conclusion the company draws is that it must necessarily follow from this latter allegation that the insured's death occurred more than thirty days after payment of the last premium and at a time when the grace period had expired and the policy had lapsed for nonpayment of premiums.

We think this argument must fail for two reasons. First, the allegation in Count III is not as the company states it to be in its brief; i. e., " * * * that there were no premium contributions made after July, 1962." There is no allegation to that effect to be found in any of the three counts of the petition. To allege that the premiums were paid "through July" is not tantamount to alleging there were no premiums paid after July.

The second reason we think the company's argument cannot be upheld is that the burden was on the company to prove that the coverage afforded to the plaintiff's husband by the policy sued on had lapsed for nonpayment of premiums. Green v. American Life & Accident Ins. Co., Mo. App., 93 S.W.2d 1119, l. c. [2–4], p. 1123; Novosel v. Mid-West Life Ins. Co. of Mis-

souri, Mo.App., 276 S.W. 87; Girvin v. Metropolitan Life Ins. Co., Mo.App., 84 S.W.2d 644. Certainly, Count I cannot be held to have failed to state a claim upon which relief can be granted because it fails to negate or is silent as to an affirmative defense; in this instance, the nonpayment of premiums. Accordingly, the company's motion to dismiss should have been denied.

The judgment should be affirmed as to the trustees and reversed and the cause remanded as to the company. The Commissioner so recommends.

PER CURIAM:

The foregoing opinion of BRADY, C., is adopted as the opinion of this court. The judgment is affirmed as to the trustees and reversed and the cause remanded as to the company.

RUDDY, P. J., WOLFE, J., and JAMES D. CLEMENS, Special Judge, concur.

ANDERSON, J., not participating.