Janice M. **BAKEWELL** and John R. Bakewell, Appellants,

v.

**MISSOURI STATE EMPLOYEES' RETIREMENT SYSTEM,** Respondent.

**No. WD 34564.**

Missouri Court of Appeals, Western District.

March 13, 1984.

John R. Bakewell, pro se.

John Ashcroft, Atty. Gen., Patricia D. Perkins, Asst. Atty. Gen., Jefferson City, for respondent.

Before MANFORD, P.J., CLARK and KENNEDY, JJ.

PER CURIAM:

This appeal arises from the granting of summary judgment to the defendant, the Missouri State Employees' Retirement System (MOSERS), after both parties had moved for summary judgment. The case involves whether a state employee who was medically insured under the state plan, § 104.310 [1] et seq., but who then drops her individual coverage, is entitled to be *later* covered either in her own right or as a dependent of her husband (now a state employee in an agency covered by MOSERS), without providing a satisfactory statement of health.

Defendant MOSERS is a body corporate and an instrumentality of the state. Section 104.320. The board of MOSERS, among other things, under § 104.515.1 is to provide insurance to cover the hospital, surgical and medical expenses of qualified state employees, who are made members of the system, their spouses and their unemancipated children under twenty-three years old. Under § 104.515.3 the board is to establish rules of eligibility for participation in such program of insurance, with the rules to avoid duplication of any benefits with those provided by any other medical insurance program. Insurance benefits are to be provided only to employees, their spouses and children who comply with the rules of eligibility for participation established by the board. Basically the state contributes toward the employee-member's share of the cost, while deductions are taken from the employee's wages to cover dependent insurance.

In 1980 plaintiff Janice Bakewell discontinued her state health insurance under MOSERS after becoming insured as a de-pendent of her husband John, who worked for a state agency not covered by MOSERS.[2] In January, 1982, John accepted employment from a state agency covered by MOSERS. Janice immediately reapplied for but was denied individual coverage under MOSERS since she did not produce a satisfactory statement of health. MOSERS based its denial of individual coverage to Janice upon a regulation which requires employees who apply for coverage after 31 days of their date of eligibility to produce a satisfactory statement of health. Immediately after being denied individual coverage for Janice, John applied for dependent coverage for his wife. MOSERS' response was that Janice was not eligible as a dependent, relying upon a regulation stating a dependent does not include persons qualified in their own right to be insured as state employees.

A ruling at this time on the merits of the Bakewells' cause of action is impossible due to the muddled condition of the record to be reviewed. The pleadings were incomplete to denominate the necessary facts and issues, and the "law" relied upon was superceded during the time in question. Summary judgment on this record was inappropriate.

◾ It must be noted that the parties' briefs totally ignore that MOSERS was granted summary judgment and that review on appeal is limited to whether that disposition was proper. The parties flail away with diverse legal arguments and theories and attempt to add facts via the briefs and oral argument without ever mentioning Rule 74.04. Much of the Bakewells' brief is spent arguing why their motion should have been granted. There is no appeal from the denial of summary judgment, *Guthrie v. Reliance Construction Co., Inc.*, 612 S.W.2d 366, 368 (Mo.App. 1980). MOSERS alludes to the fact that certain facts would have been clearer had evidence been entertained, after having

---

**1.** All statutory references are to RSMo.Cum. Supp.1981 unless otherwise stated.

**2.** A state agency may elect to provide its employees with insurance which is separate and different from MOSERS' program.

been granted summary judgment. The Bakewells' request to this court to issue what the trial court refused to issue, that is by a "writ of mandamus" force MOSERS to issue the insurance and remand for a hearing on their damages, will go without comment.

MOSERS filed its motion for summary judgment July 27, 1982, relying upon a supporting affidavit, its answer to the Bakewells' petition, and the requested judicial notice of certain state regulations relating to the Missouri State Retirement Plan. The Bakewells filed suggestions in opposition to summary judgment and at the same time in opposition to MOSERS' motion for an extension of time to respond to written interrogatories. The Bakewells were granted leave to file a second amended petition, this time captioned "Petition for Declaratory judgment and/or writ of Mandamus," on October 13, 1982. The Bakewells filed their own motion for summary judgment on October 29, 1982. The court granted MOSERS' summary judgment motion and ruled the regulations to be valid.

The utter confusion of this case is in part explained by the Bakewells' failure to plead the essential facts, and to make clear their theories of relief. MOSERS' filed its motion for summary judgment based upon plaintiffs' amended petition which asked for "judicial review and/or mandamus." The last petition, the one before this court, also asks for damages but suggests declaratory relief by the court in holding the regulations invalid, or alternatively, to hold MOSERS' interpretation invalid, and to mandate MOSERS to issue the insurance to Janice. The petition raises under one count several theories as a basis for relief, including violations of equal protection and due process, and that MOSERS acted arbitrarily in its interpretations of the regulations and denial of state health insurance to Janice.

The regulations referred to and relied upon by the parties through and including the briefing schedule as controlling on the applications for individual and dependent coverage are as follows: 16 CSR 30–3.050 (rescinded) states that for employee coverage, if application for insurance is made 31 days after the date of eligibility, a "satisfactory statement of health will be required." The waiting period for eligibility for coverage is one month of service 16 CSR 30–3.040 (rescinded). 16 CSR 30–3.020 (rescinded) states, "that in no event shall the term 'dependent' include any person eligible for benefit as an employee." As will be noted later these regulations were either not in effect or were superceded during the time when the facts arose.

Apparently no discovery was ever completed. The Bakewells propounded interrogatories to MOSERS that were not answered. The Bakewells attempted to raise MOSERS' lack of cooperation but there was no motion to compel answers to the interrogatories, nor to request the trial judge to delay decision on the motion until discovery could be conducted. Rule 74.04(f).

■ The record must be scrutinized in the light most favorable to the party against whom filed and summary judgment rendered, and we must accord that party the benefit of every doubt. Since summary judgment is a drastic remedy, it is inappropriate unless the prevailing party has shown by unassailable proof, from which no genuine issue of material fact on any controlling issue exists, that as a matter of law judgment should be entered in his favor. Rule 74.04; *First National Bank of St. Charles v. Chemical Products, Inc.,* 637 S.W.2d 373, 375 (Mo.App.1982). No findings of fact would be appropriate for where summary judgment is proper there can be no material disputed fact. *Fauvergue v. Garrett,* 597 S.W.2d 252, 253 (Mo.App.1980). Instead, the facts must be gleaned from the pleadings, affidavits, and exhibits. *Snowden v. Northwest Missouri State University,* 624 S.W.2d 161, 163 (Mo. App.1981).

■ Rule 74 allows the use of affidavits to "pierce the pleadings" and demonstrate the lack of any genuine issue of material fact. When faced with a motion for summary judgment supported by affidavit, the

nonmoving party cannot rest upon the mere allegations of his pleadings but instead must demonstrate the existence of a genuine fact issue. Where the movant submits supporting affidavits which fail to comply with the requirements of Rule 74.-04(e), however, the nonmoving party's burden of presenting facts outside of the pleading allegations, through affidavits, interrogatories, depositions, etc., no longer applies. *Weber v. Missouri State Highway Commission,* 639 S.W.2d 825, 832 (Mo. 1982).

With the foregoing principles in mind, the sufficiency of MOSERS' only supporting affidavit will first be examined. Rule 74.04(e) requires that:

> Supporting and opposing affidavits shall be made on personal knowledge, shall set forth facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith.

In essence, the rule requires the affidavit to follow substantially the same form as if the affiant were testifying. 6 Moore's Federal Practice ¶ 56.22[1] (2d ed. 1979). An affidavit failing to meet the criteria set forth in Rule 74.04(e) should not be considered by the court in ruling on summary judgment motion.[3]

The affidavit of Rosemary Eppenauer recites her position as Assistant Executive Secretary of the Missouri State Employees' Retirement System and states that her duties include having custody of MOSERS' records and administering the Missouri State Medical Care Plan according to its rules. The affidavit contains no further declaration of the affiant's personal knowledge or otherwise affirmative demonstration of her competence to testify. *Allen v. St. Luke's Hospital of Kansas City,* 532

S.W.2d 505, 507 (Mo.App.1975), *cert. denied,* 429 U.S. 804, 97 S.Ct. 37, 50 L.Ed.2d 65 (1976). The affidavit refers to records kept by MOSERS relating to the Bakewells without any attempt to qualify them as business records under § 490.680 RSMo. 1978, other than stating the affiant was their custodian. What is absent is testimony concerning the time and mode of their preparation, their identification, and that they were kept in the regular course of MOSERS' business. *See Allen v. St. Luke's,* 532 S.W.2d at 508. The affidavit suffers a further defect in that it fails, contrary to the specific direction of Rule 74.04(e), to have attached sworn or certified copies of the records referred to in the affidavit. *See Maiorana v. MacDonald,* 596 F.2d 1072, 1080 (5th Cir.1979). Section 104.480(3) RSMo. 1978 allows the admission into evidence (and therefore on summary judgment motion) of all copies of records kept in the office of the Missouri State Employee Retirement System and certified by its secretary under its seal. The affiant's description of the substance of MOSERS' records is an inadequate substitute for the records themselves. All MOSERS had to do was to certify all the records on this matter as per the statute. Since they chose not to do so, none of the necessary documents were before the court.

Finally, the affidavit adds nothing worthy of the trial court's consideration by merely stating MOSERS' denial of medical insurance to the Bakewells "was not arbitrary and capricious." The proper function of an affidavit is to state facts, not conclusions. *See Kage v. 1795 Dunn Road, Inc.,* 428 S.W.2d 735, 737 (Mo.1968). The affidavit of MOSERS will be disregarded.

In opposition the appellants filed two affidavits, both by Randy Bakewell, claiming personal knowledge of the facts contained therein. Neither affidavit, however,

---

**3.** This court recognizes neither party moved to strike or otherwise object to the defective affidavits. At the same time, important issues related to the state's retirement system should not be decided based upon a skeletal record which has failed to properly flesh out the facts. In light of

the movant's heavy burden of proof, and the judge's role to consider the appropriateness of granting of summary judgment, the parties' failure to object will not preclude review of compliance with 74.04(e).

presents any *facts* which are probative of the issues apparently raised by the Bakewells' petition. The affidavits generally state what issues of fact Randy Bakewell believes to exist. The opposing affidavit's function is not to promise, but to reveal to the court what evidentiary facts exist that remain at issue between the parties. Because the nonmoving party is relieved of the burden of presenting facts outside of the pleading allegations when the movant relies solely upon a defective affidavit, *see Weber*, 639 S.W.2d at 832, and *Dowdy v. Lincoln National Life Insurance Co.*, 384 S.W.2d 282, 285 (Mo.App.1964), the defects in Bakewell's affidavits need not be further detailed.

■ Since MOSERS' motion for summary judgment was unsupported by evidentiary material (due to the infirmity of its affidavit), it in effect became a motion judgment on the pleadings, similar to a motion to dismiss. Rule 55.27(b). That motion should be granted only if the facts pleaded by petitioners, together with the benefit of all reasonable inferences drawn therefrom, show that petitioners cannot prevail under any legal theory. *American National Bank, etc. v. White River Serv. Corp.*, 586 S.W.2d 454, 457 (Mo.App.1979). Stated another way, the motion should not be granted if from the face of the pleadings a material issue of fact exists and the moving party is not entitled to judgment on the pleadings as a matter of law. *Madison Block Pharmacy v. U.S. Fidelity*, 620 S.W.2d 343, 345 (Mo. banc 1981). This is true even if the allegations have, as here, been imperfectly pleaded. *American National Bank, supra*, at 457. The pleadings here could not support a judgment on them, *Lawson v. St. Louis-San Francisco Railway Company*, 629 S.W.2d 648, 650 (Mo.App.1982).

Left only with the unverified pleadings to establish the material facts and to determine whether any genuine issue exists as to those facts, and whether treated as one for summary judgment or judgment on the pleadings, the central issue of the case is shrouded in confusion. The second amended petition contains some nineteen allegations. Missing from the petition are such essential facts as when Janice began her employment with the state and that she continued in that employ, and whether or not the Bakewells ever even tendered a statement of health, (whether determined satisfactory or otherwise) or just took the position that a statement was not required as a pre-requisite to MOSERS insuring her.

The answer of MOSERS specifically denies twelve of the nineteen allegations of the petition. Its answer then contains an exposition following each denial which only confuses what facts are really being contested. "The object of pleading is to form specific and definite issues of fact." *Bergel v. Kassebaum*, 577 S.W.2d 863, 866–867 (Mo.App.1978). Each of MOSERS' specific denials was followed with attempts to qualify, thus shifting to the court the burden of determining what was admitted and what was denied. *Pierce v. New York Cent. R. Co.*, 257 S.W.2d 84, 86 (Mo.1953). Even though the parties are not required to carefully sift through each denial of the answer to compare with each paragraph of the petition to determine what is admitted and what is denied, *Ritchey v. Home Ins. Co. et al.*, 98 Mo.App. 115, 72 S.W. 44, 47 (1903), any attempt here at such an assessment of what were the controverted issues is impossible. Even with alternative pleading allowed, this mode of answers is confusing. The practice of confusing what is clearly admitted or denied is to be condemned. *Montgomery v. Clem*, 221 Mo.App. 486, 282 S.W. 1051, 52–53 (1926), *Ritchey, supra*, at 47, *Lawson v. St. Louis-San Francisco Railway Company, supra*.

■ The state of the facts in the pleadings, which comprise this entire record make summary judgment inappropriate, especially since there is more than the slightest doubt as to the facts and whether they are contested. *State ex rel. McDonnell Douglas v. Gaertner*, 601 S.W.2d 295, 298 (Mo.App.1980). As was said in *First National Bank Etc. v. South Side National Bank*, 644 S.W.2d 377, 379 (Mo.App.1982), the party who was granted summary judg-

ment must affirmatively show his entitlement and that under no discernable circumstances could the opposing party be entitled to recover. That, "[s]uch a level of certainty was never achieved," *First National, supra,* applies to the case at bar. There are possible grounds here on which the plaintiffs could prevail so the motion of MOSERS should not have been granted. *Brown v. Upjohn Co.,* 655 S.W.2d 758, 760 (Mo.App.1983).

To further complicate matters the Bakewells have asked, after the briefs were filed, to strike the portions of MOSERS' brief pertaining to 16 CSR 30–3.050, since MOSERS stated in its brief that this regulation went out of existence in July of 1982. *Both* sides had asked the court to take notice of the series of regulations referred to all the way through the case. Unexplained by MOSERS and unknown to the Bakewells, these regulations (.020, .040 and .050) were subject to an emergency rescission as of November 20, 1981, and ceased to have any force and effect until March 20, 1982, following the early March, 1982 denial of Janice's January application. The emergency rescission expired in March, 1982, thus breathing life back into the regulations until July 11, 1982 when they finally died. The regulations were apparently being re-codified in 16 CSR 30–3.021, which was in effect from November 20, 1981 until March 20, 1982, when the emergency filing expired. This hiatus existed until July of 1982 when .021 became permanent. While all this is most confusing, the "law" in this case was never presented or explained on the record. Any attempt to analyze the differences between what regulations went out and what went in or whether they existed separately or dually, or whether a vacuum existed for a time will not be attempted by this court. This is not similar to an attempt by the losing party to later come forward with material facts it failed to produce to defeat summary judgment. *Phillips v. Atlantic Richfield Co., Inc.,* 605 S.W.2d 139, 142 (Mo.App.1979). The fluid and confusing situation as to the applicable law in this case provides further reason for denying summary judgment or any further action by the appellate court. Rule 84.14. Because of the ruling of this case, it is unnecessary to rule on the Bakewells' motion.

One thing is clear, on the posture of the record this case was inappropriate for either summary judgment or judgment on the pleadings. All the necessary facts were not pleaded, the answer counteracts most of the petition, so the *facts* necessary to decide the merits of the case are in doubt or are in issue thus negating relief for any party under Rule 74.04. The other constant or known in the equation, the *law* upon which the known, uncontroverted material facts lead to a certain result, was in the administrative process of being changed when the Bakewells applied to MOSERS for insurance coverage. These rescinded regulations are the same ones given as authority by MOSERS to the Bakewells and the regulations which both parties asked the trial court to take judicial notice, in actually deciding the case. With few facts, and the law unclear, the judgment of summary judgment should not have been rendered for MOSERS as it was not shown by unassailable proof to be so entitled as a matter of law. Rule 74.04(b).

It is hoped that upon remand the parties will afford the judge a full statement of the facts, and if any material facts are indeed in dispute, and what form of relief is being requested. Further, the parties should present to Judge McHenry what law applies to the facts—it is not the duty of the court to try and track the regulations that apply to all the facts.

The judgment is reversed and the cause remanded.