**ST. LOUIS HOUSING AUTHORITY, a Municipal Corporation, Appellant,**

v.

**Concetta LO DUCA, Respondent.**

**No. 49602.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Sept. 17, 1985.

Motion for Rehearing and/or Transfer to Supreme Court Denied Oct. 28, 1985.

Bussey & Jordan, Thomas B. Gilliam, St. Louis, for appellant.

Frances Dianne Taylor, Kayla Vaughan, St. Louis, for respondent.

CRIST, Presiding Judge.

Plaintiff St. Louis Housing Authority (Authority) appeals a summary judgment granted upon defendant's (tenant) cross-motion. We reverse and remand.

Authority filed an action for unlawful detainer alleging tenant's failure to comply with a "no pets" clause in the lease of an apartment and demanding possession of the apartment. Thereafter, Authority moved for summary judgment. This motion, verified by the attorney, alleged (1) a lease, dated April 4, 1983, containing a "no pet clause; (2) tenant kept two dogs on the premises; and (3) tenant's refusal to remove these dogs. Authority attached to the motion a copy of the lease. Tenant opposed Authority's motion for summary judgment and sought summary judgment for herself on the grounds the termination procedure violated both the lease and Authority's grievance procedure, Authority's failure to provide security estopped enforcement of the "no pet" rule, Authority had waived the "no pet" rule, and termination of the lease violated the Rehabilitation Act of 1973, 29 U.S.C. § 794.

The trial court denied Authority's summary judgment motion and granted summary judgment for tenant, specifically relying on Authority's failure to provide security, and failure to comply with the grievance procedure. Authority appeals, claiming summary judgment for tenant was inappropriate.

To be entitled to summary judgment, tenant needed to establish, by unassailable proof, no material issue of fact remained in the case, and she was entitled to judgment as a matter of law. *Black Leaf Products, Inc. v. Chemisco*, 678 S.W.2d 827, 829 (Mo. App.1984). We review the record in a light most favorable to Authority, against whom summary judgment was granted, and resolve all doubts in its favor. *Id.* Summary judgment is inappropriate when there exists the slightest material doubt concerning a fact with probative force on an issue in

the case. *Sands v. James Clinic & Associates, Inc.*, 668 S.W.2d 273, 275 (Mo.App. 1984).

The facts put forth by tenant to support her judgment indicate she first occupied the leased premises in 1976. At that time, the "no pet" rule was either not in existence or not enforced. In June of 1980, tenant was raped on the grounds of the apartment complex. In September of that year, her apartment was broken into, ransacked and burglarized. The next month, tenant obtained a Doberman Pinscher. The dog has lived with her since that time without any problems or complaints by any one.

In early 1983, the apartment complex management changed. Shortly thereafter, the lease at issue, containing a "no pet" provision, was signed. In May, 1983, a "Dear Tenants" letter demanding the removal of all dogs from the complex within five (5) days was slipped under the tenants' doors.

Tenant circulated a petition concerning the "no pet" clause contract and other security issues. She participated in a "Speak Out" on security problems, which apparently were getting worse at this complex despite the management's contractual obligation to provide adequate security.

Tenant received a notice of termination of her tenancy on May 29, 1983. She filed a grievance on May 31 and an informal meeting was held as provided by the Authority's grievance procedure. The required written summary of that meeting stated, as the solution of the greviance, "attempt was made to extend termination for thirty (30) days upon verification from P. Ellison." Thereafter, Authority proceeded with the eviction proceedings, and this action was filed.

■ The only facts contained in any materials relied upon to support the grant of summary judgment were the crimes committed against tenant. No facts concerning the security measures in effect, or which could be taken at this complex, were presented. Tenant's statement she feels

safer with her dogs (supported by her psychiatrist's affidavit) does not prove, as a matter of law, a breach of the agreement to provide adequate security. Tenant's statement the Authority does not provide adequate security is a conclusion which does not support the grant of summary judgment. *Bakewell v. Missouri State Employee's Retirement*, 668 S.W.2d 224, 227 (Mo.App.1984).

 The evidence presented did not establish, as a matter of law, a breach of the duty to provide security that would estop the Authority from enforcing its "no pet" rule against tenant's dogs. Doubt exists as to whether the duty was breached. *See generally Kline v. 1500 Massachusetts Avenue Apt. Corp.*, 439 F.2d 477 (D.C.Cir. 1970). Therefore, summary judgment was inappropriate. *Sands*, 668 S.W.2d at 276–77.

■ The trial court also granted summary judgment based on a finding the termination was improper. The Authority argued the termination was for health and safety reasons, and therefore, resort to the grievance procedure was not necessary under the applicable regulations. The court held because the notice of termination did not specify the termination was for health and safety reasons, that notice was invalid.

However, the record indicates tenant did in fact invoke the grievance procedure, an informal meeting was held, and the required summary of that meeting was filed and provided to tenant. This summary showed disposition of the grievance as "attempt was made to extend termination for thirty (30) days upon verification from P. Ellison." This was to allow tenant time to attempt to amend the lease or further discuss the termination of her tenancy. The summary also informed tenant of the mechanism for obtaining a full hearing upon her grievance, if one was desired. Tenant did not attempt to obtain such a hearing.

Whether this summary, with its cryptic statement of the disposition of the grievance and the reason therefor, was in accordance with the Authority's procedures is an open fact question. Tenant has not provided the court with unassailable proof necessary to support summary judgment. *Bakewell*, 668 S.W.2d at 226–29.

Reversed and remanded for trial on all issues.

REINHARD and CRANDALL, JJ., concur.