Marvin L. WARNER,
Plaintiff-Respondent,

v.

Kenneth P. BERG, Defendant-Appellant.

No. WD 35323.

Missouri Court of Appeals,
Western District.

Oct. 23, 1984.

Donald R. Schoonover, and Charles A. Elliott, Kansas City, for defendant-appellant.

Milton C. Clarke, Niles S. Corson, John R.T. Mitchell, Kansas City, for plaintiff-respondent.

Before CLARK, P.J., and NUGENT and LOWENSTEIN, JJ.

LOWENSTEIN, Judge.

Kenneth Berg appeals from a summary judgment in favor of plaintiff-respondent, Marvin Warner. The following facts are not in dispute. Westminster Gerontology Foundation, Inc. (WGF) executed a promissory note payable to Warner with Berg acting as a limited guarantor. WGF twice defaulted on the note and after each incident, Warner and Berg entered into a Modification and Stock Pledge Agreement.

The dispute arose when WGF allegedly defaulted a third time. Warner filed suit against Berg as guarantor ·of the note which with interest amounted to $975,-247.82. It was this last default that triggered the entire amount being due. In answer to a request for admission Berg admitted he was a guarantor to the entire amount on the note and that he had made no payments on the note. At that point Berg did not deny proper payment by WGF but merely denied his *knowledge* of WGF's critical third default. Warner filed a motion for summary judgment supported by affidavits. Berg filed a reply to the motion, but did not respond with his own affidavits. The motion was originally denied, but upon a motion for reconsideration, and after oral arguments, the summary judgment was granted. At the same time Berg's motion to file an amended answer was denied. Berg subsequently filed a motion for new trial on the summary judgment and included his affidavit which alleged Warner and WGF had agreed to compromise the note, thus releasing Berg from liability.

Berg contends that he presented material facts which showed a genuine issue for trial and made a summary judgment inappropriate. This court does not agree.

Rule 74.04 governs the procedure for summary judgment. Warner, the moving party, submitted affidavits with his motion which complied with Rule 74.04(e) which requires that the affiant have personal knowledge and is competent to testify to the facts stated. The affiant, John O'Reilly, had custody of Warner's business records pertaining to WGF and Berg, and these records showed the WGF had not made the required payments and the note was in default.

Rule 74.04(c) requires that affidavits by an opposing party must be served prior to the day of hearing. By that deadline Berg did not rebut Warner's affidavits with any of his own. So, at the time of the hearing the admissions showed Berg a guarantor on a note that he admitted making no payment upon, and by proper affidavit a competent custodian swore the maker had made no payment resulting in default. Under these facts there was no genuine issue of any material fact before the court and on those facts as deemed admitted since not properly controverted Warner as matter of law was entitled to judgment. *Seliga Shoe Stores, Inc. v. City of Maplewood,* 558 S.W.2d 328, 331 (Mo.App.1977). It is established that a nonmoving party cannot rest upon the mere allegations of his pleadings but must demonstrate the existence of a genuine fact issue. *Bakewell v. Missouri State Employees' Retire-*

*ment System,* 668 S.W.2d 224, 227 (Mo. App.1984); *Kroh Brothers Development Co. v. State Line Eighty-nine, Inc.,* 506 S.W.2d 4, 12 (Mo.App.1974).

■ Berg contends that his proposed amended verified answer, which was denied a late filing, would have raised a question of material fact. However, as was held in *Commerce Bank of Fenton v. B.P.J. Enterprises, Inc.,* 659 S.W.2d 615, 618 (Mo. App.1983), a verified pleading is not given the probative force of an affidavit unless it meets the requirements of Rule 74.04(e). The alleged negotiations between Warner and WGF that would establish discharge of Berg's liability, were not matters within Berg's own knowledge. In fact the amended answer merely alleges the events happened "as best defendant Berg can presently reconstruct the factual situation." The trial court was correct in denying Berg's motion for leave to file this amended answer because it would not have altered the outcome of the summary judgment proceeding.

■ Lastly, the fact that Berg finally submitted an affidavit supporting his allegation of discharge of his obligation as guarantor along with his motion for new trial, has no effect on the propriety of the trial court's summary judgment. That affidavit was clearly not in compliance with Rule 74.04 and as such was properly not considered by the trial court.

Judgment affirmed.

All concur.