Michael A. GOTH, Appellant,

v.

Charles NORMAN, et al., Sheriff of Johnson County, Missouri, Respondent.

No. WD 35810.

Missouri Court of Appeals, Western District.

April 30, 1985.

Motion for Rehearing and/or Transfer to Supreme Court Overruled and Denied July 2, 1985.

Application to Transfer Denied Aug. 7, 1985.

Andrew J. Gelbach, Warrensburg, for appellant.

Robert E. Harris, Warrensburg, for respondent.

Before LOWENSTEIN, P.J., and SOMERVILLE and NUGENT, JJ.

NUGENT, Judge.

Plaintiff appeals from the trial court's grant of summary judgment in favor of defendants on plaintiff's replevin action for return of cash and other personal property seized by law enforcement agencies. The court granted judgment for defendants because at the time the action was filed the cash was not in the county where suit was filed and defendants did not possess the rest of the personal property. We affirm.

◼ The facts of this case are in part established by affidavits filed in support of defendants' motion for summary judgment. Plaintiff failed to file verified denials of the allegations of fact in the affidavits, and they stand admitted. *Grubb v. Leroy L. Wade & Son, Inc.*, 384 S.W.2d 528, 530 (Mo.1964).

In September of 1982, defendant Johnson County Deputy Sheriff Herald Fisher and Officer Hutcheson of the Holden Police Department seized $29,000 in currency, illegal drugs and other personal property from a house in Holden. Plaintiff had informed the officers as to the location of the illegal drugs and the money. The $29,000 and the personal property are the subject of this case. The Holden police department retained possession of the personal property until sometime after February 1, 1983.

The Johnson County Sheriff's Department initially took possession of the cash and the drugs. In October of 1982, Steven W. Casteel of the Drug Enforcement Administration, United States Department of Justice, took possession of the money on October 25, 1982, and removed it from Johnson County to federal custody in Jackson County, Missouri. He held it there pending forfeiture proceedings until March 31, 1983.

On January 7, 1983, plaintiff filed this action in replevin Johnson County for the return of the seized money and personal property. Defendants in their answer denied that the money was located in Johnson County and that the other property was in the possession of the defendants. Plaintiff then sought discovery of various matters from defendants. Defendants provided some of the material and objected to the rest of the requests.

On May 25, 1983, defendants filed a joint motion for summary judgment, but no memorandum of suggestions in support of the motion appears in the record. We assume none was filed. Defendants noticed up their motion for a hearing on June 6, 1983. On May 27, 1983, plaintiff filed an application for continuance of the hearing and for a protective order concerning the taking of the plaintiff's deposition. Mr. Gelbach, plaintiff's attorney, filed neither a memorandum in opposition to the motion nor opposing affidavits.

At that time, plaintiff had other matters before the court concerning defendants' response to plaintiff's discovery requests and plaintiff's request for leave to file an amended petition. Plaintiff noticed those matters up for hearing on June 13, 1983.

On June 6, 1983, Mr. Gelbach was at the Johnson County Courthouse when Judge Gum called up the case for consideration. The judge called Mr. Gelbach in from the hallway. The judge initially stated that the court would consider plaintiff's motion for a protective order and his application for a continuance.

Mr. Gelbach explained to the court that he was not prepared to argue defendants' summary judgment motion because he believed that the notice was mistaken. June 13 was the court's regular law day, not June 6. Since plaintiff had matters concerning the case scheduled to be heard by the court on the 13th, he assumed that the correct day for the summary judgment hearing was June 13. Mr. Gelbach had not checked with the court or the opposing attorney on whether the notice was actually incorrect. The court then allowed defendants to argue the motion for summary judgment. Essentially, defendants' counsel argued that, since the $29,000 was not in Johnson County at the time the action was filed, the court lacked subject matter jurisdiction over that property. He also argued that, because defendants did not possess the rest of the property when suit was filed, replevin for those items would not lie.

At the conclusion of the argument, Mr. Gelbach renewed his objection to the hearing. The court stated that it would take the matter under advisement and that Mr. Gelbach could present rebuttal at a later time. The court also decided that it would wait to rule on the discovery issues until the summary judgment motion was resolved. The court then granted plaintiff leave to file an amended petition.

Plaintiff filed no suggestions or affidavits in opposition to defendants' motion and made no rebuttal to defendants' June 6 argument. Almost six months later, on November 29, 1983, the court granted defendants' motion and entered judgment on December 1, 1983. The court found that the money was neither in Johnson County nor in defendants' possession when suit was filed and further found that defendants did not possess the other property on that date. Plaintiff filed a motion to set aside the judgment which the court denied.

In the meantime, the state filed an action for forfeiture of the $29,000 under § 542.-301.[1] The court entered a judgment of forfeiture, and that decision has now been affirmed by this court. *In re $29,000 in U.S. Currency*, 682 S.W.2d 68 (Mo.App. 1984).

Mr. Goth raises two points on appeal. He first argues that he was denied a hearing on defendants' summary judgment motion pursuant to Rule 74.04. He also com-

---

1. Revised Statutes of Missouri, 1978. § 542.301 also provides a procedure for the return of property seized by law enforcement officials.

plains that the court never ruled on his application for continuance and on other matters he had brought concerning discovery in the case. Finally, he argues that material facts are in dispute in this case and that defendants are not entitled to judgment as a matter of law.

Summary judgment is a drastic remedy and the court must exercise great care in using it. *Kroh Brothers Development Co. v. State Line Eighty-Nine, Inc.*, 506 S.W.2d 4, 10 (Mo.App.1974). The movant has the burden to show by unassailable evidence that no issue of material fact exists. *Id.* On review of an entry of summary judgment, we must view the record in a light most favorable to the losing party. *Id.*

### I.

■ Mr. Goth first complains that he was denied a hearing on defendants' motion for summary judgment. Rule 74.04(c), Missouri Rules of Civil Procedure, provides that the motion must be served ten days before the time fixed for a hearing. Defendants' motion for summary judgment was filed on May 25, 1983, and the date fixed for the hearing was June 6, 1983, more than ten days after the motion was filed. Mr. Goth argues that he assumed that the notice was incorrect, but he failed to inquire of the court or opposing counsel whether it was correct in setting the hearing for June 6 rather than on the regular motion day, June 13.

Mr. Goth did file an application for a continuance of the summary judgment hearing. Although the court seemed to be taking up that application on June 6, 1983, it allowed defendants to present oral argument on their motion. Defendants' counsel did not file written suggestions in support of their motion. At the conclusion of the defendants' presentation, the court told Mr. Gelbach that it would not rule on the motion and would take it under advisement, in effect allowing Mr. Gelbach additional time to present his rebuttal or to file suggestions or affidavits in opposition. Practically speaking, Mr. Gelbach was granted an almost six-month continuance. During that time he had the chance to present whatever he could muster to oppose the motion, but he never took advantage of that opportunity. The conduct of the June 6 hearing and the court's treatment of the application for continuance may have been informal, but Mr. Gelbach was afforded a generous opportunity to present his case and was given a lengthy de facto continuance. He was not denied anything. Since the court correctly granted summary judgment, no reason remained for it to consider the discovery matters raised by plaintiff.

### II.

■ Plaintiff also complains that defendants did not prove by unassailable proof that no genuine issue of material fact exists and that defendants are entitled to judgment as a matter of law.

Initially, we must once again point out that facts stated in affidavits filed in connection with a motion for summary judgment stand admitted when the party in opposition fails to file a verified denial of those facts. *Grubb v. Leroy L. Wade & Son, Inc., supra*, 384 S.W.2d at 530. When a party is faced with a proper motion for summary judgment he cannot rely upon denials in his pleadings but must come forward with affidavits, depositions, or other evidence showing that issues of material fact do exist. *Kroh Brothers Development Co. v. State Line Eighty-Nine, Inc., supra*, 506 S.W.2d at 12. Plaintiff failed to oppose defendants' motion or affidavits, therefore, the facts set out in the affidavits stand admitted.

Defendants submitted four affidavits: two by the defendants, one by Officer Hutcheson, one by Trooper Bell of the Missouri State Highway Patrol, and one by Steven Casteel of the federal Drug Enforcement Administration. They reveal that the $29,000 was not in Johnson County at the time plaintiff filed his petition but was held by federal authorities in Jackson County. In Missouri, property sought in a replevin action must be in the county where suit is brought at the time it is filed.

If not, the court lacks subject matter jurisdiction over the property. § 508.020; *Hauser v. Burge*, 121 S.W.2d 314, 315–16 (Mo. App.1938). Therefore, summary judgment as to the $29,000 was proper.

■ Defendants' unopposed affidavits also establish that the remainder of the property claimed by plaintiff was not in the possession of defendants at the time suit was filed. Replevin is a possessory action, an action to obtain from a defendant property that he possesses, and the defendant must be in actual or constructive possession of the property at the time the suit is filed. *Fawley v. Bailey*, 512 S.W.2d 477, 479 (Mo.App.1974); *Exman v. Wommack*, 240 S.W.2d 718, 720 (Mo.App.1951); *Hauser v. Burge, supra*, 121 S.W.2d at 316. Here the defendants did not possess the property at issue at the time suit was filed, therefore, the court was correct in granting summary judgment for defendants.

For the foregoing reasons, we affirm the judgment.

All concur.