**R.J., Appellant,**

v.

**S.L.J., Respondent.**

No. 51886.

Missouri Court of Appeals,
Eastern District,
Division Four.

June 30, 1987.

Allan H. Zerman, Clayton, for appellant.

Barbara Blee Maille, Clayton, for respondent.

GARY M. GAERTNER, Presiding Judge.

Appellant (hereinafter referred to as Husband) appeals from an order adopting the report of a special master entered by the Circuit Court of St. Louis County on July 3, 1986. On appeal, Husband alleges that the lower court erred in entering an order, pendente lite, based upon the recommendations in a master's report because the decision to enter the order was made without a transcript of the master's hearing. Second, he argues that the lower court did not conduct a "hearing" of the kind required by Supreme Court Rule 68.-01. Third, Husband claims that the order of July 3, 1986, should not have been entered by Judge Edwards, since Judge Nolan had appointed the master and Judge Nolan had not disqualified herself on the record. Lastly, he argues that the master's failure to take an oath prior to proceeding with the hearing rendered the report invalid. Respondent (hereinafter referred to as Wife) raises two additional points on appeal. She claims that Husband's statement of facts violates Rule 84.-04(c) and that Husband's points relied on violate Rule 84.04(d). We reverse the order of the lower court.

The events leading to the July 3, 1986 order began in December of 1984 when Wife sought dissolution of the marriage. Judge Nolan of the St. Louis County Circuit Court appointed a special master to hear custody and visitation matters in regard to the couple's two children. The master held hearings and filed his interim report, which was unfavorable to Husband. Husband objected to the report. Judge Nolan, on April 25, 1986, entered an order that, at Husband's request, objections to the master's report would not be heard until five days after the filing of the transcript of the master's hearing. Judge Nolan further stated that Husband did not waive any objections to the master's compliance with Rule 68.01. On June 9, 1986, Husband filed two motions. In his first, he sought to require Wife to pay for the cost of the transcript. In his second, he asked the lower court to reject the master's report, alleging that Rule 68.01(d) had been violated. Prior to the above motion as to who would pay the transcript's cost, Husband had received a copy of the transcript,

but a copy of it was not filed with the court. On June 26, 1986, the parties consented to a hearing on "all pending motions, as well as [Husband's] motion for child custody (summer) PDL and [Wife's] Motion for Maintenance, Support and Attorney Fees PDL." At this time, the motion was still pending as to who would pay the cost of the transcript to be filed with the court and Judge Nolan's order of April 25, 1986, was in effect. Sometime prior to June 23, 1986, Judge Nolan had disqualified herself but had not done so on the record. On July 3, 1986, Judge Edwards entered an order adopting the master's report. At Judge Edwards' hearing on the master's report, there was no transcript on file and the order of April 25, 1986, had not been ruled upon. Finally, on September 29, 1986, Judge Nolan *nunc pro tunc* disqualified herself; she specifically recorded her disqualification on the record.

■ In his first point, Husband's primary contention is that Judge Edwards should not have entered the July 3, 1986 order, as there was no transcript of the master's hearing on file. We agree with Husband. Rule 68.01(g)(1) requires a master to file a transcript with the court. When Judge Edwards issued his order, Husband's motion to require Wife to pay the transcript's cost had not been ruled on. Although Husband had in his possession a copy of the transcript, the April 25, 1986 order clearly stated that objections to the master's report would not be heard until five days after filing of the transcript. Further, the June 26, 1986 notice of the July 3, 1986 hearing did not put Husband on notice that the entire custody and visitation issue would be decided; the notice indicated only that the hearing would pertain to summer custody and visitation rights. In contrast to the situation presented in *Mitchell v. Mitchell*, 711 S.W.2d 572 (Mo.App., E.D.1986), there was here a clear request by the parties to have a transcript of the hearing prepared. It was error for Judge Edwards to have adopted the report without a transcript of the master's hearing on file.

■ In his second point, Husband argues that Judge Edwards did not provide a "hearing" on the master's report of the kind which, Husband alleges, is mandated by Rule 68.01(g)(3). The Rule states that if objections are filed to the master's report the court, "after hearing, may adopt the report or may modify it or may reject it in whole or in part *or may receive further evidence* or may recommit it after instructions." [Emphasis added.] Analyzing the clear and express terms of the Rule, it does not require the type of evidentiary hearing which Husband claims he was due. This point is denied.

■ In his third point, Husband's contends that Judge Edwards should not have entered his order of July 7, 1986, since Judge Nolan had appointed the master and Judge Nolan had not disqualified herself from the case. Husband, in effect, argues that Judge Edwards could not act until Judge Nolan was disqualified on the record and Judge Edward had "reappointed" the special master. Wife maintains that the appointment of the master was made on behalf of the entire circuit court and that, in fact, Judge Nolan had properly disqualified herself. Rule 68.01(a) sets forth that "each *circuit court* in which any action is pending may appoint a master therein." [Emphasis added.] *State ex rel. Darling and Co. v. Billings*, 435 S.W.2d 377, 381 (Mo. banc 1968) held that a referee is "an officer of the circuit court which appoints him." Further, *Lakin v. Blum*, 43 S.W.2d 853, 854 (Mo.App., E.D.1931) supports Judge Nolan's *nunc pro tunc* disqualification of September 29, 1986. This point is denied.

■ Husband's final point is that the master's failure to take an oath is fatal to the report, and that Judge Edwards could not properly adopt the report. Rule 68.-01(d) states that a master "shall take and subscribe an oath" before hearing any testimony in the action. The Rule's plain meaning requires that an oath be taken. *Rickman v. White*, 266 S.W. 997, 998 (Mo. App., W.D.1924) states that the oath requirement as to arbitrators may be waived; however, in this case there is no showing of

waiver. It was error for the trial court to have adopted the master's report as the master had not taken an oath and the parties had not waived the requirement.

Wife raises two points in her brief. She alleges that both Husband's statement of facts and his points relied on violate Rule 84.04(c) and (d). We do not feel that the statement of facts was misleading and argumentative to the extent to warrant dismissing the appeal. Similarly, considering that many of his contentions were issues of first impression, Husband did state in sufficient detail why the lower court erred and what rule to apply.

We reverse and remand for proceedings consistent with our holding.

SIMON and STEPHAN, JJ., concur.