George S. PRICE, Plaintiff–Appellant,

v.

MISSOURI PACIFIC RAILROAD COMPANY, Defendant–Respondent.

No. 53442.

Missouri Court of Appeals,
Eastern District,
Division Three.

Aug. 16, 1988.

Joseph B. Dickerson, Jr., St. Louis, for plaintiff-appellant.

Michael Allen Campbell, Kim R. Luther, St. Louis, for defendant-respondent.

SMITH, Judge.

Plaintiff appeals from the entry of summary judgment against him on his suit to recover damages. His action was based upon the removal by defendant of certain old automobiles owned by plaintiff from a location near the tracks of the defendant.

The removal occurred on August 15, 1980. The defendant had eleven vehicles towed by towing companies in the presence of Sheriff's deputies. In 1983, in an action brought by plaintiff, the trial court ruled that the railroad right-of-way abutting plaintiff's land was not abandoned and the defendant had the right then and prior thereto to exclude plaintiff from occupation of that right-of-way. That judgment collaterally estopped plaintiff from denying the right of defendant to remove property of plaintiff from the railroad right-of-way identified in the judgment as 100 feet in width. Defendant, based on that judgment, sought summary judgment in this suit.

In support of its motion defendant attached the affidavit of William Wood, Jr., an employee of defendant. Wood averred that plaintiff parked eleven vehicles on the right-of-way of defendant. Each of those vehicles, it was averred, was parked wholly within fifty feet of the center line of the rail line and within the right-of-way of defendant. Another employee at the scene identified the defendant's right-of-way line for Wood. Wood was present when these vehicles were removed.

Plaintiff filed a counter-affidavit on the day of hearing. That affidavit contained no statement it was based on plaintiff's knowledge. In pertinent part it provided:

"Each of the eleven (11) vehicles mentioned in Plaintiff's petition was not parked wholly within fifty (50′) feet of the center line of said rail line of Defendant, and that some of the said vehicles were not on the defendant's right of way

at all, and further that none of said vehicles were fouling the tracks of the Defendant."

Plaintiff does not challenge here the right of defendant to remove vehicles on its right-of-way in view of the 1983 decision. His only contention is that a material fact exists as to the location of the vehicles. Defendant counters by asserting that plaintiff's affidavit was untimely filed, is not based on plaintiff's knowledge, and did not set forth facts which would be admissible in evidence. Rule 74.04(c) and (e).

The rules for review of a summary judgment have been frequently stated and need not be restated here. If a material fact is in dispute the summary judgment cannot stand. The only fact which could be in dispute here is whether some of the vehicles were located entirely off of defendant's right-of-way. Any other vehicle defendant could properly remove.

██ Plaintiff's affidavit does allege that "some of the vehicles were not on the defendant's right-of-way at all." If plaintiff's affidavit is sufficient to raise that issue summary judgment as to that issue was improperly granted. The affidavit was filed late under Rule 74.04(c). But the record does not reflect that objection was raised to the affidavit at the hearing and the record does not reflect that the trial court refused to consider it. Under those circumstances both we and the trial court are entitled to consider it. *Westbrook v. Mack*, 575 S.W.2d 921 (Mo.App.1978) [1]. The affidavit does not state that it was made from personal knowledge. But such an averment is not required if the affidavit indicates that it is made on personal knowledge concerning events in which plaintiff personally took part. *Jones v. Pinkerton's, Inc.*, 700 S.W.2d 456 (Mo.App.1985) [6].

This affidavit, while far from perfect, adequately meets this test. Wood's affidavit stated that plaintiff parked the vehicles on the right-of-way. That statement reflects that plaintiff knew where the vehicles were located. Plaintiff in his affidavit stated on one occasion he "repositioned three of the vehicles." The affidavits both describe the width of the right-of-way and Wood's affidavit and the judgment of 1983 both reflect that plaintiff's property adjoins the right-of-way. From the affidavits and the judgment it is apparent that plaintiff was basing his statements upon his personal knowledge of the location of the right-of-way and where he had parked the vehicles. The facts stated in the affidavit are matters which would be admissible in evidence. The affidavit of plaintiff was sufficient to demonstrate a material fact in dispute as to whether some of the vehicles were located entirely off the right-of-way.

The summary judgment is reversed as to the factual question of whether some vehicles were located entirely off the right-of-way. It is affirmed as a partial summary judgment as to vehicles located wholly or in part on the right-of-way. Cause remanded for further proceedings.

KAROHL, P.J., and KELLY, J., concur.