**R.J., Appellant,**

v.

**S.J., Respondent.**

No. 61826.

Missouri Court of Appeals, Eastern District, Division One.

Dec. 22, 1992.

Motion for Rehearing and/or Transfer to Supreme Court Denied Feb. 10, 1993.

R.J., pro se.
S.J., pro se.

CRIST, Judge.

Appellant (Father) appeals the granting of Respondent's (Mother) motion for summary judgment. We affirm.

Father filed his petition for three counts of malicious prosecution against Mother. The trial court sustained Mother's motion for summary judgment.

The parties' two minor children are the real losers in this long, drawn out and often appealed battle regarding the visitation and support of the children. It began in December 1984 when Mother sought dissolution of the marriage. Father and Mother appear in this court pro se.

On July 3, 1986, the circuit court entered its pendente lite order for Father to pay child support. Father appealed this order but did pay $10,327 to Wife pursuant to such order. He discontinued child support payments when this court on June 30, 1987, reversed and remanded for further proceedings on the pendente lite order because there was no transcript of the master's hearing on file. *R.J. v. S.L.J.*, 732 S.W.2d 574 (Mo.App.1987). However, no further proceedings were had in accordance with the pendente lite order. On August 25, 1987, the trial court entered the dissolution decree awarding child support to Wife of $220 per month per child. Father has paid no child support since September of 1987.

On September 23, 1988, Wife went to the prosecuting attorney and signed an affidavit swearing to the lack of child support for the two children since September 23, 1987. Father latches onto this action of Wife for this later filing of the malicious prosecution petition.

On May 19, 1989, the trial court heard Father's motion for restitution on the pendente lite order. It found Father was entitled to offset the decreed child support against the child support payments made by Father pursuant to the pendente lite order. Therefore, Father owed Mother $27.50 as of May 25, 1989. Father asserts this order conclusively shows Wife guilty of malicious prosecution on September 23, 1988, when she swore she was in need of child support.

Father and Mother were not through with each other. On March 1, 1990, the trial court heard Mother's amended motion to modify, her third amended motion for contempt, her motion to enforce decree, and her motion for order of possession and execution. Further, it heard Father's amended motion for contempt, his motion to hold Mother in contempt, his motion to modify and all pending motions. The trial court found, among other things:

(1) Father was in contempt for intentional failure to pay child support from May 25, 1989, and in contempt of the August 25, 1987 order;

(2) Father has attempted to alienate the affection of the children from Mother;

(3) Father had interfered with Mother's custody rights;

(4) Father was in contempt for failure to deliver possession of real estate to Mother;

(5) Father's right of visitation of the child was to be supervised by third person;

(6) Father had failed to turn over personal property owned by Mother;

(7) Father had filed a number of lawsuits against Mother of a frivolous nature.

On May 17, 1991, Father filed his petition against Mother for malicious prosecution based primarily on her signing a complaint to the prosecuting attorney. On January 17, 1992, Mother filed her motion for sum-

mary judgment. Attached and filed with her motion for summary judgment was:

(1) Affidavit of the prosecuting attorney showing probable cause but no legal malice for Mother seeking help for support of the children;

(2) May 19, 1989 order of the circuit court showing probable cause and no legal malice;

(3) Affidavit of Mother showing a bona fide attempt to get financial help for the children.

■ Father did not timely file or serve affidavits in opposition to Mother's motion for summary judgment. Rule 74.04(c), (e), (g). Father asserts reversible error in the failure of the trial court to grant him a one-day extension for hearing on the summary judgment motion and for its failure to consider his affidavits to be filed on that date. The trial court had wide discretion in such denial. First, the refusal to grant a continuance is within the trial court's discretion. *Ronollo v. Jacobs*, 775 S.W.2d 121, 126 [12] (Mo. banc 1989). Second, "[t]he movant for a summary judgment is entitled to at least one day's service of opposing affidavits. Opposing affidavits served and filed at the hearing come too late for consideration over the objection of the movant." *In the Estate of Heidt*, 785 S.W.2d 668, 671 [6] (Mo.App.1990). We find no abuse of discretion.

■ Father also complains the trial court committed reversible error in failing to grant him a hearing on his post-trial motions. Such motions are not authorized and information alleged in them cannot be considered by the trial court in determining the propriety of a summary judgment. *Landmark North County Bank & Trust Co. v. National Cable Training Centers, Inc.*, 738 S.W.2d 886, 890 [5] (Mo.App.1987); and *Warner v. Berg*, 679 S.W.2d 913, 915 [5] (Mo.App.1984). Therefore, denial of such motion, with or without a hearing, is clearly within the discretion of the trial court. *See, Nichols v. Bossert*, 727 S.W.2d 211, 214 [5] (Mo.App.1987). We find no abuse of such discretion.

■ Finally, Father says he should have won without his affidavits. Summary

judgment is allowed "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Rule 74.04(c); *Krause v. U.S. Truck Co.*, 787 S.W.2d 708, 709 [1] (Mo. banc 1990). The burden of proof is on Mother and we must scrutinize the record in the light most favorable to Father. *Germania Bank v. Thomas*, 810 S.W.2d 102, 105 [1–2] (Mo.App.1991). Further, we cannot consider information contained in the affidavits and motions filed after the hearing for summary judgment. *Lemay Bank & Trust Co. v. Harper*, 810 S.W.2d 690, 692 [1] (Mo.App.1991).

■ The elements of malicious prosecution are as follows: (1) commencement of prosecution against plaintiff; (2) the instigation by the defendant; (3) the termination of the proceeding in favor of the plaintiff; (4) the want of probable cause for the prosecution; (5) the defendant's conduct was actuated by malice; and (6) the plaintiff was damaged. *Sanders v. Daniel Intern. Corp.*, 682 S.W.2d 803, 807 [1] (Mo. banc 1984). To show malice and lack of probable cause, Father relies on this court's ruling on the pendente lite order. *R.J.*, 732 S.W.2d at 574. However, this court merely sent the pendente lite matter back for further proceedings. *Id.* We did not determine Father owed no child support and furthermore, we did not determine Father was entitled to restitution. *Id.* The record does not show why Mother did not pursue the mandate of this court or why Father did not seek restitution before May 19, 1989. In any event, when Mother went before the prosecuting attorney in September of 1988, she could truthfully have sworn her children were in need of child support and Father owed such support under the divorce decree. The May 19, 1989 order later determined Father was entitled to a setoff because Wife had not pursued the pendente lite motion. However, this order was not in effect at the time Mother signed her complaint. Based on the facts before the trial court, there was

no genuine issue of material fact and Mother was entitled to judgment as a matter of law.

Judgment affirmed.

AHRENS, P.J., and REINHARD, J., concur.