**Michael WAGNER and Mary Wagner, husband and wife, Appellants,**

v.

**Robert UFFMAN and Cheryl Uffman, husband and wife, and Herbert Dill, d/b/a Dill Company Plumbing and Heating, Respondents.**

No. 65507.

Missouri Court of Appeals, Eastern District, Division Four.

Oct. 18, 1994.

John J. Campbell, Washington, for appellants.

Sidney A. Thayer, Jr., Politte & Thayer, Isidore I. Lamke, Washington, for respondents.

AHRENS, Presiding Judge.

Buyers of a house appeal the trial court's grant of summary judgment in favor of defendants in this action for fraudulent misrepresentation. We reverse and remand.

## I.

Plaintiffs, Michael and Mary Wagner, alleged in their petition that defendants, Robert and Cheryl Uffman and Herbert Dill, fraudulently misrepresented the condition of a house the Wagners purchased from the Uffmans. Plaintiffs contend the Uffmans made several false representations in a "Buyers Disclosure Statement" ("Disclosure"). This Disclosure contained a list of items for which the seller was to check "Yes" for items presently in working condition and having no known defects; otherwise "No" is checked. Sellers checked "Yes" for the following pertinent items: (1) Septic system; (2) Oven; (3) Swimming pool; and, (4) Windows. In another section of the Disclosure the seller was to report the condition of the roof. The Uffmans reported that the roof was six years old and that it "had 1 leak by skylight—believe it has been corrected, has not leaked in last 4 months." The Uffmans claimed that the roof was "flashed and recaulked around skylight." Plaintiffs further allege that defendant Dill made a septic inspection of the property and reported that the system was "installed and working properly." Plaintiffs maintain that, in spite of defendants' representations, the septic system had no drain field,[1] the oven was rusted, dilapidated, and unsafe, the swimming pool leaked, and a skylight in the roof leaked.

Defendant Dill filed a motion for summary judgment on the grounds that he was not asked to report on the existence of a drain field or its compliance with county code. Dill further argued that he made no direct representations to plaintiffs. The trial court granted Dill's motion for summary judgment, stating that plaintiffs failed to allege that the contents of Dill's report was communicated to them and as such plaintiffs could not have relied on it. The trial court further noted

that plaintiffs failed to allege that defendant Dill made a "knowing misrepresentation as opposed to an incomplete disclosure of code status."

Defendants Uffmans also filed a motion for summary judgment on the grounds that the Disclosure was merely a statement of sellers' knowledge of the condition of the property at the time of its execution and not a warranty of any kind. In support of this argument the Uffmans relied on a statement at the top of the Disclosure which provides:

THIS STATEMENT IS A DISCLOSURE OF SELLER'S KNOWLEDGE OF THE CONDITION OF THE PROPERTY AS OF THE DATE OF THE LISTING AGREEMENT CURRENTLY IN EFFECT. THIS DISCLOSURE IS NOT A WARRANTY OF ANY KIND BY SELLER OR ANY AGENT OF SELLER IN THIS TRANSACTION, AND IS NOT A SUBSTITUTE FOR ANY INSPECTIONS OR WARRANTIES BUYER MAY WISH TO OBTAIN. THE FOLLOWING ARE REPRESENTATIONS MADE BY SELLER BASED ON SELLER'S KNOWLEDGE AND DOES NOT CONSTITUTE A WARRANTY OF ANY KIND BY SELLER OR ANY AGENT OF SELLER AND ARE NOT THE REPRESENTATIONS OF THE LISTING BROKER, OR COOPERATING BROKER, THE ST. LOUIS ASSOCIATION OF REALTORS OR THE MULTIPLE LISTING SERVICE.

The Uffmans argued in their motion that they had no knowledge of the defects the Wagners complain of. The trial court also granted the Uffmans' motion for summary judgment stating that plaintiffs failed to allege facts "sufficient to overcome the clear disclaimers and warnings" on the Disclosure. The trial court noted that "[a] reasonable prudent purchaser who contemplates paying $94,000.00 would make ... an independent inspection *before*, not after, the fact." The trial court held that to the extent that plaintiffs relied on the Disclosure, such reliance was not reasonable.

---

1. Plaintiffs allege that the septic system was pumping effluent onto the surface of the ground near the rear of the property rather than into a proper drain field. According to affidavits submitted by plaintiffs, this was in violation of county code.

On the basis of these findings, the trial court concluded that no genuine issue existed as to any material fact and granted defendants Dill and Uffmans judgment as a matter of law.

## II.

In this appeal from a summary judgment, we review the record in the light most favorable to the party against whom judgment was entered. *ITT Commercial Fin. Corp. v. Mid–America Marine Supply Corp.*, 854 S.W.2d 371, 376 (Mo. banc 1993). Facts which are set forth by affidavit or otherwise in support of a party's motion are taken as true unless contradicted by the non-moving party's response to the summary judgment motion. *Id.* We accord the non-movant the benefit of all reasonable inferences from the record. *Id.* Since the propriety of summary judgment is purely an issue of law, we need not defer to the trial court's order granting summary judgment. *Id.*

Summary judgment is appropriate where the moving party has demonstrated, on the basis of facts as to which there is no genuine dispute, a right to judgment as a matter of law. *Id.*; Rule 74.04. In order to make a prima facie showing that summary judgment is proper, a defending party may (1) present facts that negate any element of plaintiff's cause of action, (2) show that the non-movant has not or cannot produce evidence of the existence of any of those elements, or (3) show that there is no genuine issue of fact necessary to support movant's affirmative defenses. *ITT Commercial Finance*, 854 S.W.2d at 381. "[W]here the trial court, in order to grant summary judgment, must overlook material in the record that raises a genuine dispute as to the facts underlying the movant's right to judgment, summary judgment is not proper." *Id.* at 378.

Plaintiffs argue that the trial court erred in granting defendants summary judgment because the trial court overlooked and ignored material facts in the record which created genuine issues of fact regarding plaintiffs' cause of action and such judgment was contrary to existing law. We agree.

■ The necessary elements of a cause of action for fraud are: (1) a representation; (2) its falsity; (3) its materiality; (4) the speaker's knowledge of its falsity or his ignorance of the truth; (5) the speaker's intent that it should be acted on by the person and in the manner reasonably contemplated; (6) the hearer's ignorance of the falsity of the representation; (7) the hearer's reliance on the representation being true; (8) his right to rely thereon; and (9) the hearer's consequent and proximately caused injury. *Sofka v. Thal*, 662 S.W.2d 502, 506 (Mo. banc 1983).

## III.

### A. Summary Judgment for Defendant Dill

■ Dill states, in his affidavit, that at no time was he asked to determine whether the septic system at the property in question met county code standards nor did he represent any fact regarding such septic system to the plaintiffs. It is worth noting that a party may recover for false representations made to another with the intent that they be communicated to the party for the purpose of defrauding that party. *Essex v. Getty Oil Co.*, 661 S.W.2d 544, 550 (Mo.App.1983).

Upon examination of Dill's affidavit it appears that he is arguing that he either made no false representation to plaintiffs or that if the representation was false he had no knowledge of its falsity. Because Dill argues he made no representation to plaintiffs, we will assume that he also attacks the reliance by the plaintiffs on the representation and his intent that plaintiffs rely on his representation.

When a movant has made a prima facie showing that summary judgment is proper, the burden is on the non-movant to respond by affidavits, or otherwise, setting forth specific facts showing there is a genuine issue for trial. *ITT Commercial Finance*, 854 S.W.2d at 381.

■ By examining the affidavits submitted by plaintiffs, we must determine whether plaintiffs have set forth specific facts which show a genuine issue as to whether (1) Dill made a false representation to plaintiffs; (2) Dill had knowledge that such representation was false; (3) Dill intended that plaintiffs

rely on the representation; and, (4) that plaintiffs did, in fact, rely on the representation.

### 1. Falsity of the statement

The representation in question is that the septic system "appear[ed] to be installed and working properly." In an affidavit submitted by plaintiffs, Norbert Wunderlich, a licensed engineer and surveyor, stated that no drain field existed on the property in question and, in fact, the property was not suitable for a drain field due to poor soil absorbency. He further stated that to bring the property into compliance with county codes the septic system would have to be connected to a public sewer system. This raises a sufficiently genuine issue of fact as to whether a false representation was made by defendant Dill.

### 2. Dill's knowledge of the falsity

Catherine Peirson, a mortgage officer at Boatman's Mortgage Corporation, states, in another affidavit submitted by plaintiffs, that it is the usual and customary practice in the industry that a septic certification is "expected to disclose any problems with the septic system inspected, including, but not limited to any non-compliance of the septic system, including but not limited to the drain field, with existing state, county or municipal codes, statutes or regulations." Dill's own affidavit reveals that his business installed the septic system on the property. If it were customary practice to disclose non-compliance with the law, then certainly Dill would have been the proper party with whom to inquire as to the septic system's compliance with such law. In light of these affidavits we believe a genuine issue of material fact exists as to whether defendant Dill made a knowing false representation to plaintiffs.

### 3. Dill's intent

Dill argues that he had no intention that plaintiffs rely on any representation he made concerning the property in question. When a party is asked to inspect certain property and submit a report, it is not unreasonable to infer that the party intended for the report to be relied upon. While the plaintiffs fail to submit affidavits alleging that Dill intended for the plaintiffs to rely on the septic report by Dill, we believe that such failure is excusable because of the nature of evidence required to prove intent. Intent is in nearly every case proven by circumstantial evidence and as such where a party offers circumstantial evidence indicating intent to defraud, failure to provide direct evidence of such intent is an improper basis for summary judgment. *See Estate of Heidt*, 785 S.W.2d 668, 670 (Mo.App.1990). Here, the record indicates that defendant Dill was requested by Cheryl Coleman, a licensed real estate broker, to perform a septic inspection, and that such inspections are expected to disclose any defects. These facts are sufficient to raise a genuine issue of material fact as to whether Dill intended that his inspection be relied upon.

### 4. Plaintiff's reliance

Plaintiffs state in their affidavits that they relied on the representations by Dill when they decided to purchase the home and that had the septic inspection revealed no drain field they would not have agreed to any such purchase. A reasonable inference from these statements is that the contents of the septic inspection report from Dill were communicated to the plaintiffs. A genuine issue of material fact exists as to whether the plaintiffs relied on the septic inspection report.

### B. Summary Judgment for Defendants Uffmans

Defendants Uffmans state in affidavits supporting their motion for summary judgment that the Disclosure they signed was information based on actual knowledge and was not a warranty. The affidavit further states that the Uffmans had no knowledge of any of the defects plaintiffs complain of. The fact that the Disclosure states that it is not a warranty does not release the Uffmans from a claim of fraud. A party may not contractually exclude oneself from fraud through the use of general disclaimers. *Lollar v. A.O. Smith Harvestore Products, Inc.*, 795 S.W.2d 441, 448 (Mo.App.1990).

It appears that the Uffmans' only legitimate attack in their summary judgment affi-

davits is on the element concerning the Uffmans' knowledge of the falsity of their representations in the Disclosure. Proof of a party's knowledge is similar to proof of such elusive facts as intent, motive, undue influence, mental capacity, and the like. Summary judgment is rarely appropriate in these types of cases in which the facts must in nearly every case be proven by circumstantial evidence. *Estate of Heidt,* 785 S.W.2d at 670.

In affidavits opposing the summary judgment motion, the plaintiffs state that they removed a portion of the ceiling and found that the skylight had not been "flashed and recaulked," but rather that tar had been applied to the inside of the roof and a plastic container, which did contain water, had been nailed to a stud under the skylight to catch water leaking through the window. In answers to interrogatories, the Uffmans state that defendant Robert Uffman was the party solely responsible for repairs to the skylight. These facts raise a genuine issue of material fact concerning the knowledge of the falsity of the Uffmans' claim that the skylight had been repaired by being "flashed and recaulked."

The plaintiffs further allege in their affidavits that the pool and oven were in such deteriorated conditions that they must have been in such condition prior to the purchase of the home. While this fails to allege that the Uffmans had knowledge of these conditions, it does allege sufficient circumstantial facts to raise a genuine issue of material fact concerning the Uffmans' knowledge of the condition of these items prior to the sale of the residence.

The Uffmans argue in their brief that plaintiffs did not rely on the Disclosure. However, in their affidavits supporting their summary judgment motion, the Uffmans failed to state any facts which support this conclusion. Even assuming such facts were presented by affidavit, plaintiffs rebutted these facts by affidavit stating that had the Disclosure revealed the alleged defects in the home, they would not have agreed to purchase the property. This alone raises a genuine issue of material fact concerning the plaintiffs' reliance on the Disclosure.

The Uffmans also argue in their brief that they did not intend that plaintiffs should act based on the Disclosure. Again, the Uffmans failed to assert facts by affidavit supporting this assertion and, as such, is not proper grounds for summary judgment. However, as previously mentioned, it is not unreasonable to infer that a seller making a representation concerning the condition of a house intends for the representation to be relied upon. Where such circumstantial evidence is present, failure to provide direct evidence of a party's intent by the non-movant in a summary judgment motion is an improper basis for such a judgment.

### IV.

The summary judgments in favor of both defendants Dill and Uffmans are reversed and the cause remanded for trial.

SIMON and KAROHL, JJ., concur.