**FIRST COMMUNITY BANK,**
**Plaintiff–Respondent,**

v.

**WESTERN SURETY COMPANY,**
**Defendant–Appellant.**

No. 18839.

Missouri Court of Appeals,
Southern District,
Division Two.

June 28, 1994.

---

1. All references to statutes are to RSMo Cum. Supp.1991.

David D. Crane, Reinert, Duree & Crane, P.C., St. Louis, for defendant-appellant.

Terry M. McVey, Barbara A. Godley, Welman, Beaton, Williams & McVey, Kennett, for plaintiff-respondent.

GARRISON, Judge.

This appeal is by Western Surety Company (Western) from the entry of a summary judgment in favor of First Community Bank (Bank). The summary judgment was entered in a suit by which the Bank sought to recover on a surety bond (the bond) issued by Western in connection with an application by Reginald and Margaret Young d/b/a/ Town and Country Motors (dealer) for registration as a used motor vehicle dealer.

At the time the bond was issued in 1986, § 301.251.2 [1] provided that every applicant for registration as a used motor vehicle dealer was required to furnish with the application a corporate surety bond in the penal sum of $25,000.[2] It further provided:

The bond shall be in effect upon the applicant being registered and shall be conditioned upon his complying with the provisions of the statutes applicable to new motor vehicle franchised dealers, used motor vehicle dealers, wholesale motor vehicle dealers, and boat dealers, and the bond shall be an indemnity for any loss sustained by any person by reason of the acts of the person bonded when such acts constitute grounds for the suspension or revocation of his registration.

After the Youngs were registered as a dealer, they obtained floor plan financing through the Bank. In conjunction with that financing arrangement, the Youngs and the Bank signed a document entitled "Credit Agreement—Floor Plan And Security Agreement" dated September 12, 1986, which provided that the Bank was to have a security interest in all inventory, accounts receivable and proceeds.[3] Pursuant to the agreement, when the Youngs purchased a used vehicle for resale, they would issue a check drawn on their checking account at the Bank, payable to the seller of the automobile. The Youngs would then deliver the certificate of title to the Bank and would also sign a promissory note in the amount of the purchase and a security agreement covering the vehicle. The Bank would then deposit the loan proceeds in the Youngs' checking account. When the vehicle was sold, the Youngs would write a "hold" check to the Bank for payment of the loan on that particular vehicle and the Bank would deliver the certificate of title to facilitate the transaction. When the sale was complete, the Youngs would pay the Bank the amount of the "hold" check.

In April 1987, the Bank loaned the dealer money to buy three vehicles and obtained the certificates of title to two of them.[4] Approximately four months later when told by the dealer that the vehicles had been sold, the Bank released the two certificates of title but never received payment for the loans. As a result, the Bank sued the dealer for the amount of the three loans and obtained a judgment against Reginald Young. Thereafter, the Bank filed the instant suit to collect that judgment from Western pursuant to the bond.

■ In considering an appeal from the entry of a summary judgment, our review is essentially de novo in that we are to employ the same tests as should be employed by the trial court in determining the propriety of the motion. *ITT Commercial Finance v. Mid–America Marine*, 854 S.W.2d 371, 376 (Mo. banc 1993). Whether the summary judgment motion should have been sustained is purely an issue of law. *Id.* We are, however, to review the record in the light most favorable to the party against whom the judgment was entered, giving that party the benefit of all reasonable inferences from the record. *Id.*

In its first point, Western contends the trial court erred in granting the summary judgment because there was "no evidence to support a finding that the acts of the dealer constitute[d] grounds for suspension or revocation of his registration and such proof is necessary to establish a right to recover under defendant surety's bond." This contention is based on the fact that both § 301.251.2 and the bond in question required that a loss be caused by acts which would constitute grounds for the suspension or revocation of a dealer's registration.

■ A party is entitled to summary judgment if the motion and responses thereto show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

1. All references to statutes are to RSMo 1986, unless otherwise noted.

2. Sections 301.250–.258 were repealed in 1988 and replaced with Sections 301.550–.570.

3. On September 23, 1986, the Bank filed a UCC–1 covering all new and used cars then owned or thereafter acquired by the Youngs.

4. The record does not reflect why the title to the third car was not delivered to the Bank.

Rule 74.04(c)(3).[5] The rule calls for "a concise description, complete with references to the supporting portions of the 'pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' of the movant's claim of entitlement to 'judgment as a matter of law.'" *ITT Commercial Finance Corp. v. Mid–America Marine,* 854 S.W.2d at 380. The movant bears the burden of establishing a right to judgment on the record as submitted. *Id.* at 382. "The key to summary judgment is the undisputed right to judgment as a matter of law; not simply the absence of a fact question." *Id.* at 380.

Section 301.257.1 provided the statutory authority for suspending or revoking a dealer's registration. It stated, in part:

> The director may refuse to register an applicant as a motor vehicle dealer or boat dealer, may suspend the registration of an existing motor vehicle dealer or boat dealer from one day to thirty days, or may revoke the registration of a motor vehicle dealer or boat dealer, after a written notice and a hearing, when he is satisfied that the applicant, motor vehicle dealer or boat dealer ... has failed to comply with the provisions set out in this chapter or the provisions of section 578.120, RSMo.... [6]

The Bank, in its petition, alleged that the acts of the dealer in selling the three vehicles, knowing they were subject to security agreements in favor of the Bank, and in failing to remit the proceeds from the sales, constituted grounds for the suspension or revocation of the dealer's registration. No statutory authority for that allegation was pleaded, however.

The Bank contends that an affidavit by R.B. Grisham, Director of the Missouri Motor Vehicle Commission, filed in support of

its motion for summary judgment established that the dealer's acts constituted grounds for suspension or revocation and thus authorized recovery under the bond. In fact, this affidavit is the only authority cited by the Bank in its motion for summary judgment in support of that proposition. That affidavit stated in part:

> 3. That the acts of Town and Country Motors in regards to Malden State Bank (now First Community Bank) as set forth in the petition attached hereto and made a part hereof by reference, constitute grounds for the suspension or revocation of the used motor vehicle license of Reginald L. Young, d/b/a Town and Country Auto Sales–Malden.

Western filed a motion to strike that paragraph of the affidavit for the reason that it was "a legal conclusion of the affiant" and that it rested "entirely upon the mere allegations of an unverified pleading and not upon personal knowledge of the affiant as required by Rule 74.04(e)." The trial court, in its judgment, entered the following order:

> Defendant's Motion to Strike Affidavit is sustained as to all factual assertations [sic] contained in the affidavit of R.B. Gresham [sic] which are in dispute.[7]

An affidavit in support of a motion for summary judgment is to state facts and not conclusions. *Bakewell v. Mo. State Employees' Retirement,* 668 S.W.2d 224, 227 (Mo.App.W.D.1984). In *Bakewell* an affidavit filed in support of a motion for summary judgment stating that denial of medical insurance "was not arbitrary and capricious" was held to be insufficient and was disregarded. The same result applies to the Grisham affidavit in the instant case.

---

**5.** All references to rules are to Missouri Rules of Court, V.A.M.R.

**6.** Section 578.120 prohibits dealers, distributors or manufacturers from keeping open or operating an established place of business for the purpose of buying, selling, bartering or exchanging any motor vehicle on Sundays. It is, therefore, not relevant to the discussion of the issues in this case.

**7.** Understandably, the briefs reveal a dispute between the parties about the effect of the court's

ruling. Western characterizes the ruling as having the effect of striking all of paragraph 3. On the other hand, the Bank contends that, in effect, none of the affidavit was stricken because Grisham's statement was not a "factual assertion," and none of the facts recited in the affidavit were in dispute. The Bank also characterizes the affidavit as a "finding" of the Missouri Motor Vehicle Commission that the dealer's actions were sufficient to revoke its license.

■ The Grisham affidavit was also insufficient to demonstrate that the Bank was entitled to a judgment as a matter of law for another reason. The facts upon which the Bank relies to establish its right to recover were alleged to have occurred in 1987 when §§ 301.250–.258 were in effect. Section 301.-257.1 authorized the suspension or revocation of a registration when the director was satisfied that the dealer had "failed to comply with the provisions set out in this chapter...." Neither the affidavit nor the record before the trial court demonstrates that the dealer's acts violated any specific provision of Chapter 301 as it then existed.

The Grisham affidavit, however, was signed October 30, 1991, and says that the acts set forth in the petition "constitute grounds for the suspension or revocation of the used motor vehicle license of...." It is stated in the present tense. It was signed after §§ 301.250–.258 (RSMo 1986) were repealed and replaced by §§ 301.550–.570 (RSMo 1988). Section 301.562.2 (RSMo 1988) contains specific causes permitting disciplinary action against a licensee. Included is subsection 2(5) authorizing discipline for obtaining or attempting to obtain any money by fraud, deception or misrepresentation. Such sections are not, however, applicable here in that they were not in effect at the time of the dealer's actions referred to in the instant case.[8] The affidavit does not purport to establish that, under the statutes in effect at the time of the acts complained of (§§ 301.250–.258), the acts would be grounds for suspension or revocation. For these additional reasons, therefore, the affidavit did not demonstrate that the Bank was entitled to a judgment as a matter of law.

■ The Bank now contends on this appeal that § 301.251 establishes that the acts complained of constituted grounds for the suspension or revocation of the dealer's registration. That section provides in paragraph 5:

Each application shall contain such additional information as may be required by the director of revenue to enable him to determine whether the applicant is a bona fide motor vehicle dealer or boat dealer in fact and is of good moral character.

The Bank argues that the conduct of the dealer upon which its judgment was based was not only unlawful and fraudulent but also immoral and would thus authorize the suspension or revocation of his registration. The elements of fraud or misrepresentation were not pleaded in the Bank's petition against the dealer in the prior suit or in its petition against Western. The same is true as to any issue relating to the moral character of the dealer. The Bank also cites no authority for the proposition that the conduct of the dealer here would establish as a matter of law lack of good moral character or that such conclusion would, itself, authorize suspension or revocation of a registration under Chapter 301 as it existed at the times applicable here.

The Bank, therefore, failed to show that, as a matter of law, the conduct of the dealer would have been grounds for suspension or revocation of the registration under the statutes in effect at the time. The right to a judgment as a matter of law was not established and the summary judgment was erroneously granted.

Western's other point is also directed to the propriety of the summary judgment. Because we have decided that it was erroneously entered for reasons raised in Western's first point, we need not discuss the other point. The judgment is reversed and remanded to the trial court for further proceedings not inconsistent with this opinion.

PREWITT and CROW, JJ., concur.

---

8. We need not and do not decide whether those grounds would apply to the facts as presented in this case.