Walter ZEREBCO, Appellant,

v.

LOLLI BROS. LIVESTOCK MARKET, Respondent.

No. WD 51522.

Missouri Court of Appeals, Western District.

April 2, 1996.

Matthew B. Woods, Columbia, for appellant.

William A. Atkinson, Columbia, for respondent.

Before FENNER, C.J., P.J., and LOWENSTEIN and SMART, JJ.

FENNER, Chief Judge.

Walter Zerebco appeals the order of the Circuit Court of Macon County sustaining the Motion for Summary Judgment of respondent Lolli Brothers Livestock Market, Inc., ("Lolli Brothers") as to appellant's claims of negligence and strict liability arising from an incident that occurred during an exotic animal auction on the respondent's premises where appellant was injured while working for respondent as the ring man for the auction.

The facts of this case are essentially undisputed, with the only disputes arising from the different meanings each party gleans from the facts. Appellant is a self-styled "cowboy" and "livestock handler" who resides in Texas but travels around the country working at various animal auctions and shows as a ring man, exhibiting animals in the sale ring to prospective buyers. Lolli Brothers is a corporation engaged in the business of selling livestock and exotic animals to the public. For several years, appellant had "shown up" at Lolli Brothers approximately three times a year for five to six day periods to work their sales. When he appeared, he was assigned the job of ring man even if another Lolli Brothers employee was acting as ring man prior to his arrival. As he performed his duties, Lolli Brothers told him when to let animals into the ring and which animals were to be shown.

On September 22, 1992, Lolli Brothers was conducting an exotic animal auction on its premises at which appellant was serving as ring man. The owner of a water buffalo accompanied his animal into the sale ring, where the animal became agitated and attacked its owner. Appellant attempted to intervene in the attack and was rammed into the fence of the sale ring, sustaining a fractured left femur and injury to his left knee. While in the hospital, appellant was assured by Lolli Brothers that he would be treated as a regular employee and that all of his medical expenses would be covered.

Appellant maintained that he was not an employee of Lolli Brothers and filed suit against Lolli Brothers in the Circuit Court of Macon County, alleging negligence and strict liability. Lolli Brothers filed a motion to dismiss the claim for lack of subject matter jurisdiction, asserting that appellant was it's employee, or it's statutory employee as defined by the Missouri Workers' Compensation Law, and that his sole remedy is in the workers' compensation forum. This motion was overruled by the court.

On March 22, 1995, Lolli Brothers moved for summary judgment, again on the basis of lack of subject matter jurisdiction. This motion was accompanied by the affidavit of James D. Lolli, President of Lolli Brothers. In his affidavit, James Lolli states that at all times relevant to appellant's injury, Lolli Brothers was: (1) engaged in the business of selling animals to the public by auction; (2) an employer operating under the Workers' Compensation Law of Missouri; (3) appellant's employer, retaining him to work in the sale ring; and (4) in control of appellant's actions in regard to the performance of duties for which appellant was being paid. Lolli's affidavit also states that the work performed by appellant was in the usual course of Lolli Brothers' business and that appellant was in all respects treated as an employee of Lolli Brothers. As exhibits to his affidavit, Lolli attached a copy of Lolli Brothers' quarterly federal tax return for the third quarter of 1992 reflecting wages paid to appellant at the time of his injury, a copy of the Missouri Department of Labor and Industrial Relations, Division of Employment Security, Contribution and Wage Report for the third quarter of 1992 listing appellant as an employee of Lolli Brothers, and a copy of the W–2 issued to appellant identifying him as a Lolli Brothers employee.

In response, appellant filed a memorandum of law accompanied by his own affidavit. In this affidavit, appellant claims he was not an employee of Lolli Brothers at the time of his injury, that Lolli Brothers only control over him was telling him which animals to let in the ring and be shown, that he had always paid his own travel and lodging expenses and used his own equipment in the ring when working for Lolli Brothers, and that in years prior to 1992 he had received W–9 forms

indicating contract labor status rather than W–2 forms from Lolli Brothers.

On July 17, 1995, an order was issued sustaining Lolli Brothers' motion for summary judgment, finding that appellant was "an employee, or at least a statutory employee" of Lolli Brothers at the time he was injured, thus giving appellant his sole remedy under the workers' compensation statutes of Missouri. Plaintiff timely appealed this finding and we now consider its propriety.

## I. STANDARD OF REVIEW

The Missouri Supreme Court provided an exhaustive analysis of summary judgment practice and review in its opinion in *ITT Commercial Fin. Corp. v. Mid-Am. Marine Supply Corp.*, 854 S.W.2d 371 (Mo. banc 1993). Appellate review of summary judgments is essentially de novo. *Id.* at 376. The criteria on appeal for testing the propriety of summary judgment are no different than those which the trial court should have employed initially. *Id.* As the trial court's initial judgment is founded on the record submitted and the law, there is no need for the appellate court to defer to the trial court's granting of the summary judgment motion. *Id.*

When considering the appeal, the Court will review the record in the light most favorable to the party against whom judgment is sought. *State ex rel. Conway v. Villa*, 847 S.W.2d 881, 886 (Mo.App.1993). The movant bears the burden of establishing a right to judgment as a matter of law on the record as submitted; any evidence in the record that presents a genuine issue as to the material facts defeats the movant's prima facie showing. *ITT Commercial Fin.*, 854 S.W.2d at 382. A "genuine issue" exists where the record contains competent material that evidences two plausible, but contradictory, accounts of the essential facts. *Id.* A "genuine issue" is a dispute that is real, not merely argumentative, imaginary, or frivolous. *Id.*

The non-movant is accorded the benefit of all reasonable inferences from the record. *Martin v. City of Washington*, 848 S.W.2d 487, 489 (Mo. banc 1993). If the movant requires an inference to establish his right to judgment as a matter of law and the evidence reasonably supports an inference other than that alleged by movant, a genuine dispute exists and the movant's prima facie showing fails. *ITT Commercial Fin.*, 854 S.W.2d at 382.

Facts set forth in support of a party's motion for summary judgment are taken as true unless contradicted by the non-moving party's response to the summary judgment motion. *Id.* at 376. Even if uncontradicted, however, the facts alleged by movant must still establish an entitlement to judgment as a matter of law for summary judgment to be proper. *See E.O. Dorsch Elec. Co. v. Plaza Constr. Co.*, 413 S.W.2d 167, 173 (Mo.1967). The key to summary judgment is the undisputed right to judgment as a matter of law, not simply the absence of a fact question. *ITT Commercial Fin.*, 854 S.W.2d at 380.

## II. WAS SUMMARY JUDGMENT PROPER?

Appellant makes two arguments questioning the propriety of summary judgment in favor of Lolli Brothers. First, appellant claims the trial court erred in granting summary judgment because the affidavit of James D. Lolli was legally insufficient and contained incompetent testimony, and therefore could not be relied upon to establish the right to judgment as a matter of law.

It is true that an affidavit is to state facts, not conclusions. *Jennings v. Kansas City*, 812 S.W.2d 724, 732 (Mo.App. 1991). Having reviewed the affidavit of James D. Lolli, we agree that some of the statements he swears to, including those claiming appellant was an "employee" and performing work in Lolli Brothers "usual course of business" when he was injured, without reference to any supporting facts, are conclusions of law that a trial court should disregard in ruling on a motion for summary judgment. *See First Community Bank v. Western Sur. Co.*, 878 S.W.2d 887, 890 (Mo.App.1994). Nonetheless, it is only these conclusory statements, not the entire affidavit, that are disregarded.

If this were the only evidence of appellant's alleged employment status as appellant claims, respondent would not be able to carry its burden of establishing it was entitled to judgment as a matter of law in order for summary judgment to be proper. Rule 74.04(c) states, however, that summary judgment shall be entered if the *pleadings, depositions, answers to interrogatories and admissions on file*, together with affidavits, if any, show there is no genuine issue as to any material fact, a party is entitled to judgment as a matter of law. Lolli Brothers motion for summary judgment will not fail merely because some of the statement's contained in James Lolli's affidavit must be disregarded as conclusory. Instead, we turn to the remaining portions of the affidavits and pleadings in the case to determine if there is a factual basis to support summary judgment. Any claim of appellant otherwise is not supported by the law of this state.

▮▮▮▮ Appellant's second argument is that Lolli Brothers did not establish, as a matter of law, that appellant was a statutory employee of Lolli Brothers at the time he was injured. Three elements must be proven in order to demonstrate a statutory employment relationship: (1) the work performed by the injured party was performed pursuant to a contract; (2) the injury occurred on or about the premises of the employer; and (3) the work was performed in the usual course of the employer's business. § 287.040.1, RSMo 1992 Supp.; *Taylor v. Associated Elec. Coop., Inc.*, 818 S.W.2d 669, 671 (Mo.App.1991). There is no dispute that the first two elements are satisfied by the employment relationship between appellant and Lolli Brothers. The question is whether the work performed by appellant was in the usual course of Lolli Brothers' business.

In *Bass v. Nat'l Super Mkts.*, 911 S.W.2d 617 (Mo. banc 1995), the Missouri Supreme Court provided guidance in interpreting the term "usual business" and "usual course of business" as they are used in the Missouri Workers' Compensation Law. An employer's "usual business" as contemplated by section 287.040 [1] is considered:

> [T]hose activities (1) that are routinely done (2) on a regular and frequent schedule (3) contemplated in the agreement between the independent contractor and the statutory employer to be repeated over a relatively short span of time (4) the performance of which would require the statutory employer to hire permanent employees absent the agreement.

*Bass*, 911 S.W.2d at 621. This interpretation is designed to prevent employers from avoiding their duties under the statute by contracting out work that their employees would normally perform without sweeping within its reach specialized or episodic work that is essential to the employer but not within the employer's usual business as performed by its employees. *Id.* Under these standards we evaluate Lolli Brothers' motion for summary judgment.

We must first determine whether the pleadings and affidavits (there are no depositions, interrogatories, or admissions on file with the court) sufficiently allege that the animal auction at which appellant was injured was a routine event of Lolli Brothers conducted on a regular and frequent schedule. The parties acknowledge in their pleadings that Lolli Brothers is in the business of displaying for sale various species of livestock and exotic animals. Further, James Lolli stated in his affidavit that the business of Lolli Brothers facility was the sale of animals to the public by auction. We believe the record reflects that appellant was working in the usual course of respondent's business when he was injured.

The record also established appellant worked as a ring man for Lolli Brothers approximately three times a year for five to six day periods and this working relationship was ongoing. Finally, the record reflects that the activities engaged in by appellant for Lolli Brothers would have required Lolli

---

1. Section 287.040.1 states:

Any person who has work done under contract on or about his premises which is an operation of the usual business which he there carries on shall be deemed an employer and shall be liable under this chapter to such contractor, his subcontractors, and their employees, when injured or killed on or about the premises of the employer while doing work which is in the usual course of his business.

Brothers to hire other ring men absent the agreement with appellant. Both parties acknowledge that appellant supplanted other individuals as ring man for the animal auctions when he arrived. Lolli Brothers was in the business of selling animals at auction and it was necessary for their business to have livestock handlers available. The facts contained in the pleadings and affidavits are sufficient to establish that the work being performed by appellant at the time he was injured was in the usual course of Lolli Brothers' business. Consequently, the trial court properly concluded that appellant was a statutory employee of Lolli Brothers.

The order of the trial court sustaining Lolli Brothers' motion for summary judgment is affirmed.

All Concur.

