Christopher A. DAUGHERTY,
Appellant,

v.

ALLEE'S SPORTS BAR &
GRILL, Respondent.

No. WD 68635.

Missouri Court of Appeals,
Western District.

Aug. 26, 2008.

Donald M. McLean, Overland Park, KS, for Appellant.

Charles H. Stitt and Richard F. Lombardo, Kansas City, MO, for Respondent.

Before JAMES M. SMART, JR., P.J., THOMAS H. NEWTON, and RONALD R. HOLLIGER, JJ.

THOMAS H. NEWTON, Judge.

Christopher A. Daugherty was an employee of the defendant, Allee's Sports Bar and Grill (Allee's). He was drinking off-duty at Allee's one night, while sitting with the General Manager of Allee's, Eric Walker, who was also off-duty. Off-duty employees are treated as customers at Allee's and receive no discounts for food and drink. Jamie Yoder was the bartender at Allee's that evening. Mr. Daugherty and Mr. Walker both ordered beer. Before serving beer to Mr. Daugherty, Ms. Yoder placed a toothpick in the beer. Ms. Yoder intended this action to be a practical joke. Mr. Daugherty, unaware of the toothpick, drank the beer. He swallowed the toothpick and was injured as a result. Mr. Walker testified that he was aware that "some joking around or horsing around took place" at Allee's.

Mr. Daugherty filed a petition for damages against Allee's. His petition alleged that Allee's was vicariously liable under the doctrine of respondeat superior for Ms. Yoder's acts and that Allee's breached its

implied warranty of fitness for consumption because the beer was not fit for human consumption. Allee's filed a motion for summary judgment on both claims. Mr. Daugherty filed a motion for partial summary judgment on the warranty claim. The trial court granted Allee's motion for summary judgment without explanation. Mr. Daugherty appeals.

### Standard of Review

■ We review the grant of summary judgment *de novo*. *ITT Commercial Fin. Corp. v. Mid–Am. Marine Supply Corp.*, 854 S.W.2d 371, 376 (Mo. banc 1993). We review the record in the light most favorable to the party against whom summary judgment was granted. *Id.* Facts set forth in the party's affidavits are accepted as true "unless contradicted by the non-moving party's response to the summary judgment motion." *Id.* The non-movant is accorded all reasonable inferences from the record. *Id.* Summary judgment is appropriate when there is no dispute over any material facts, and the facts establish a right to judgment as a matter of law. *Id.*

### Legal Analysis

■ In his first point, Mr. Daugherty argues that the trial court erred in granting summary judgment because a genuine dispute existed as to whether Ms. Yoder was operating within the scope of her employment when she placed the toothpick in his beer. Allee's argued in its motion for summary judgment that it was entitled to judgment as a matter of law because the undisputed facts of the case demonstrate that Ms. Yoder's conduct was not authorized, was not foreseeable, was not in the furtherance of its business or interests, and arose wholly from an external, independent motive.

■ "A genuine issue [of material fact] exists where the record contains competent material that evidences two plausible, but contradictory, accounts of the essential facts. A genuine issue is a dispute that is real, not merely argumentative, imaginary, or frivolous." *Rustco Prods. Co. v. Food Corn, Inc.*, 925 S.W.2d 917, 922–23 (Mo.App. W.D.1996) (internal quotation marks and citation omitted). "Under the doctrine of respondeat superior, an employer is held responsible for the misconduct of an employee where that employee is acting within the course and scope of his employment." *Tuttle v. Muenks*, 964 S.W.2d 514, 517 (Mo.App. W.D.1998). The employer can be held liable despite the absence of any negligence on its part. *Id.* "If reasonable minds could differ on the question of whether an employee was acting within scope and course of his or her employment, then the question is one of fact to be settled by jury." *Id.*

■ Allee's claims that it was entitled to summary judgment as a matter of law because the undisputed facts show that Allee's did not authorize Ms. Yoder to place the toothpick in the drink. However, an employer is liable for an employee's torts even if the employer did not authorize the employee's conduct as long as "the employee committed such act while engaged in an activity falling within the scope of the employee's authority or employment." *P.S. v. Psychiatric Coverage, Ltd.*, 887 S.W.2d 622, 624 (Mo.App. E.D. 1994). Thus, summary judgment based on a lack of authorization is improper because whether the act of putting the toothpick in the beer was authorized is immaterial to whether Allees can be found liable.

■ The course and scope of employment is defined "as acts (1) which, even though not specifically authorized, are done to further the business or interests of the employer under his 'general authority

and direction' and (2) which **naturally** arise from the performance of the employer's work." *Maryland Cas. Co. v. Huger*, 728 S.W.2d 574, 579 (Mo.App. E.D.1987) (emphasis added). " '[N]**aturally**,' implies that the employees' conduct must be usual, customary and expected. This amounts to a requirement of foreseeability." *Id.* at 579–80 (emphasis added).

Allee's argued in its summary judgment motion that Ms. Yoder's action of placing a toothpick in a beer was not foreseeable and not in furtherance of its business or interests and, thus, was outside the scope of her employment. Specifically, Allee's argues that the battery must naturally arise from the performance of Ms. Yoder's work and placing a toothpick in beer does not naturally arise from proper bartendering. Allee's has confused what must be foreseen here. It is clear from *P.S.* that respondeat superior applies to torts committed "while [the employee is] engaged in an activity" that is within the scope of employment. 887 S.W.2d at 624. The conduct causing the tort must naturally arise from the employee's work. In this case, a jury could determine that Ms. Yoder's conduct naturally arose from bartendering because she committed a tort—placing a toothpick in the beer—while she was engaged in an activity—serving a beer—that was usual, customary, and expected of a bartender.

Moreover, a bartender serving a beer to a customer could be considered conduct in furtherance of Allee's interest and, thus, within the scope of employment. Contrary to Allee's argument, Ms. Yoder's subjective belief that she did not act in furtherance of Allee's interests or business is not a statement of fact but a conclusion of law that a trial court "should disregard in ruling on a motion for summary judgment." *Zerebco v. Lolli Bros. Livestock Mkt.*, 918 S.W.2d 931, 934 (Mo.App. W.D.1996). Thus, her testimony does not dispose of the issue of whether her conduct—serving a beer knowing a toothpick was in it—was within the scope of her employment.

▮▮▮ Nor is the undisputed fact that Ms. Yoder intended for her actions to be a practical joke dispositive of whether she acted within the scope of her employment. "Whether an act was committed within the scope and course of employment is not measured by the time or *motive* of the conduct, but whether it was done by virtue of the employment and *in furtherance of the business* or interest of the employer." *P.S.*, 887 S.W.2d at 624 (emphasis added). "If the act is fairly and *naturally incidental* to the employer's business, although mistakenly or ill advisedly done, and did not arise wholly from some external, independent or personal motive, it is done while engaged in the employer's business." *Id.* (emphasis added). The key word is "wholly." Because Ms. Yoder served the drink for Allee's, her actions were not wholly from some external independent or personal motive. Thus, summary judgment is also improper on the basis of Ms. Yoder's motive.

▮▮▮ Allee's also claims that Mr. Daugherty made a judicial admission[1] when he stated in his in response to the summary judgment motion and in his brief that Ms. Yoder put a toothpick in plaintiff's bottle of beer. Allee's argues that this statement constitutes an admission because Mr. Daugherty professes the beer

---

1. "A judicial admission is an act by a party[,] which in effect concedes a particular proposition to be true for the purposes of the judicial proceeding. The admission acts as a substitute for evidence and obviates the need for evidence relative to the subject matter of the admission." *Sheffield Assembly of God Church v. Am. Ins. Co.*, 870 S.W.2d 926, 931 (Mo.App. W.D.1994) (internal citation omitted).

had already belonged to him before Ms. Yoder placed the toothpick in it. This argument is nonsensical. The appellant's brief summarizes the facts as follows: "Yoder was the bartender at Allee's. She served Daugherty a beer. As a practical joke, the bartender put a toothpick in Daugherty's beer." This language is not specific enough to definitively state that the selling and serving of the beer was complete before she placed the toothpick in it. Additionally, an argument could be made she was still acting as a bartender if she had served the beer and then placed the toothpick in the beer while it was in his possession. Because there is a genuine issue as to whether Ms. Yoder was acting within the scope of her employment, Mr. Daugherty's first point is granted.

■■■■■ In his second point, Mr. Daugherty argues that summary judgment should not have been granted for breach of the implied warranty of fitness for consumption because genuine issues of material fact exist as to whether Allee's breached its warranty for fitness for consumption. "[U]nder common law principles there is an implied warranty as between the retail dealer and the consuming purchaser in the sale of food, including a warranty of freedom from foreign substances which may be injurious to the latter." *Degouveia v. H.D. Lee Mercantile Co.*, 231 Mo.App. 447, 100 S.W.2d 336, 339 (1936). A claim for common law implied warranty of fitness for consumption requires that Mr. Daugherty show: (1) Allee's sold him the beer for human consumption; (2) Mr. Daugherty drank the beer; (3) when Allee's sold the beer it was not fit for human consumption; and (4) Mr. Daugherty was damaged as a direct result. *See* MAI 25.02.[2] To be entitled to summary judgment on this claim, Allee's had to show that the undisputed facts ne-

gated at least one of these elements. *See Rustco Prods. Co.*, 925 S.W.2d at 922–23.

■■■■ Allee's argument for summary judgment on the warranty claim is the same as that for the respondeat superior claim: Ms. Yoder did not act in the scope of her employment so her actions cannot be imputed to Allee's. As discussed above, whether Ms. Yoder was acting within the scope of her employment is a question for the jury. Allee's also claims that it did not sell a beer unfit for human consumption because Mr. Daugherty made a judicial admission in his brief that the beer had already belonged to him when the toothpick was placed in the beer. Allee's relies on the same statements made in Mr. Daugherty's brief that we determined earlier did not constitute a judicial admission that the toothpick was placed in the beer after it was sold and served. The statements could support the opposite inference that the beer was served and sold with a toothpick in it. "If the movant requires an inference to establish his right to judgment as a matter of law and the evidence reasonably supports an inference other than that alleged by movant, a genuine dispute exists and the movant's prima facie showing fails." *Id.* at 922. Thus, Allee's was not entitled to summary judgment on the issue of whether it sold beer that was unfit for human consumption to Mr. Daugherty. Mr. Daugherty's second point is granted.

## Conclusion

For the foregoing reasons, we reverse and remand for further proceedings.

SMART, P.J., and HOLLIGER, J., concur.

---

2. MAI refers to Missouri Approved Jury Instructions (Sixth Edition).